OPINION
{¶ 1} Defendant-appellant, Gilbert Grayson, appeals his judgment of conviction in the Lake County Court of Common Pleas, following a jury trial, on one count of Theft, in violation or R.C. 2913.02(A)(1), a felony of the fifth degree. We affirm the judgment of the lower court.
 {¶ 2} On March 2, 2005, Grayson visited the home of his former girlfriend, Dreamer Sanders, located at the Winchester Hills apartments in Willoughby Hills, Ohio. At some point, Grayson asked Sanders if he could stay the night. Sanders agreed, and *Page 2 
told Grayson he could stay in the apartment until she returned home from work the next day.
 {¶ 3} At 6:15 a.m., on March 3, 2005, Sanders left the apartment to go to work. Grayson was asleep on the couch when she left. Sanders called the apartment around noon and Grayson answered.
 {¶ 4} When Sanders arrived home from work, she opened her purse to look for her pass key to enter the apartment building and the key to her apartment door, but could not find them. A neighbor, who happened to be leaving the building at the same time, let her into the building. When she arrived at her apartment door, she found that it was open and that Grayson had left. Sanders stated that her computer, which had been sitting on a table in the dining room, was missing. Sanders also stated that a television from her bedroom, some personal items, and approximately $700 in cash were also missing from the apartment. After phoning her mother, Sanders called police.
 {¶ 5} Amy Herbst, a dispatcher for the Willougby Hills Police Department, answered Sanders' call. Herbst stated that Sanders was extremely upset and crying when she reported the missing items.
 {¶ 6} Officers Duane Petrovich and Ron Parmertor responded to the call, arriving at Sanders' apartment shortly after 5:00 p.m. to take a report. Both Petrovich and Parmetor testified that when they met with Sanders, she was very upset and crying. Officer Petrovich testified that there were no signs of forced entry into the apartment. Sanders told the officers that she suspected Grayson had taken the missing items. Officer Parmetor testified that he observed an open space on the table in the dining room where the computer reportedly sat and an open space on the dresser in the *Page 3 
bedroom where the missing television reportedly sat. Sanders also showed Parmetor her bedroom closet from which the cash and other items were reportedly taken.
 {¶ 7} Officer Petrovich suggested that Sanders call Grayson to ask about the missing items. Petrovich testified that the phone conversation between Sanders and Grayson quickly degenerated into an argument, so he asked to speak with Grayson. After identifying himself, Officer Petrovich asked Grayson if he knew anything about the missing items. Grayson stated that he had taken certain undisclosed items from the apartment before leaving, but that the items that he had taken were his.
 {¶ 8} Officers Petrovich and Parmertor asked Sanders if she could provide any proof of ownership or value of the missing property. Sanders provided the officers with her copy of a lease agreement from Rentway for the computer. However, she was unable to produce receipts for the remaining missing items.
 {¶ 9} On November 10, 2005, the Lake County Grand Jury returned an indictment charging Grayson with a single count of Theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1) for the missing computer.
 {¶ 10} After waiving his right to be present at the arraignment, the trial court entered a plea of not guilty on Grayson's behalf.
 {¶ 11} On May 16, 2006, Grayson's trial was held. At the close of the state's case and again at the close of trial, Grayson moved for a dismissal of the charge pursuant to Crim.R. 29, which was denied. The jury returned a guilty verdict to the theft charge. *Page 4 
 {¶ 12} Grayson was subsequently sentenced to nine months in prison and ordered to make restitution to Sanders in the amount of $1,715.48, the value of the computer.[1]
 {¶ 13} Grayson timely appealed, assigning the following as error:
 {¶ 14} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal pursuant to Crim.R. 29.
 {¶ 15} "[2.] The trial court erred to the prejudice of the defendant-appellant by allowing a jury verdict that was against the manifest weight of the evidence."
 {¶ 16} In his first assignment of error, Grayson argues that his conviction was based upon insufficient evidence, since the state failed to produce any evidence that Sanders was the owner of the computer. In essence, he argues that the unsigned, unverified rental agreement for the computer is insufficient to establish Sanders' ownership for the purpose of the theft statute. We disagree.
 {¶ 17} Under the Ohio Rules of Criminal Procedure, a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A).
 {¶ 18} "[Sufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt." State v.Barno, *Page 5 
11th Dist. No. 2000-P-0100, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16, citing State v. Jones, 91 Ohio St.3d 335, 345, 2001-Ohio-57.
 {¶ 19} Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry. State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). A reviewing court will not reverse a judgment as being against the manifest weight of the evidence "where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt." Id. citing State v. Eley (1978), 56 Ohio St.2d 169, at the syllabus. Thus, an appellate court will examine the evidence and determine whether that evidence, "if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt." State v. Norwood, 11th Dist. No. 2005-L-047, 2006-Ohio-3415, at ¶ 15, citing State v. Jenks (1991),61 Ohio St.3d 259, 273 (emphasis added).
 {¶ 20} It is well-settled that "[d]irect evidence, circumstantial evidence, or both may establish an element of the charged offense."State v. Griffin, 1st Dist. No. C-020084, 2003-Ohio-3196, at ¶ 44, citing State v. Durr (1991), 58 Ohio St.3d 86, 92. Circumstantial evidence has been characterized as the "proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind."State v. Silverman, 10th Dist. Nos. 05AP-837, 05AP-838 and 05AP-839,2006-Ohio-3826, at ¶ 102 (citation omitted).
 {¶ 21} When viewed in the light most favorable to the prosecution, we conclude that there was substantial uncontroverted evidence from which a rational jury could find *Page 6 
Grayson guilty of theft of the computer beyond a reasonable doubt. It is undisputed that Sanders lived alone in the apartment and that Grayson was a guest in her apartment on the day in question. Sanders testified that she had a computer sitting on a table in the dining room prior to Grayson staying in her apartment. Officer Parmetor testified that there was an open space on a table in the dining room where the computer allegedly sat. Grayson was left alone in the apartment from 6:15 a.m., until at least noon on the day the computer was reported missing. Grayson was not present in the apartment when Sanders returned to find the items missing. There was no sign of forced entry into the apartment. Grayson did not deny taking certain undisclosed items from the apartment because he claimed they were his. Officer Petrovich testified that despite being invited to the Willoughby Police Department to make a statement with regard to the items Grayson had taken from the apartment, Grayson never availed himself of this opportunity.
 {¶ 22} With regard to the ownership issue, R.C. 2913.02, the Theft statute provides, in relevant part, as follows:
 {¶ 23} "No person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent." R.C. 2913.02(A)(1).
 {¶ 24} "R.C. 2913.02 and the definitional statue, R.C. 2913.01(D) must be read in pari materia." State v. Rhodes (1982), 2 Ohio St.3d 74, 76.
 {¶ 25} R.C. 2913.01(D) defines an "owner" for the purposes of the theft statute, as "any person, other than the actor, who has the owner of, who has possession or *Page 7 control of, or who has any license or interest in [the] property * * *, even though the ownership, possession, control, license, or interest is unlawful." (Emphasis added).
 {¶ 26} Thus, for the purpose of proving ownership under the theft statute, it is unnecessary to prove "title ownership in a specific person other than the defendant." Rhodes, 2 Ohio St.3d at 76. Instead, "it is merely necessary to prove that a defendant deprived someone of property who had `possession or control of, or any license or any interest in' that property." Id. Accordingly, "[i]t is * * * thedefendant's * * * relationship to the property which is controlling. The important question is not whether the person from whom the property is stolen was the actual owner, but rather whether the defendant had any lawful right to possession." Id.; Dayton v. Crane (Jan. 23, 1998), 2nd Dist. No. 16608, 1998 Ohio App. LEXIS 153, at *8-*9 (emphasis added).
 {¶ 27} In the case sub judice, there was substantial direct and circumstantial evidence from which a reasonable jury could conclude that Sanders was the "owner" of the computer for the purposes of R.C.2913.02, regardless of whether she actually possessed title ownership. Furthermore, there was substantial direct and circumstantial evidence from which a reasonable jury could infer that Grayson, with purpose to deprive Sanders of her possession and control of the computer, knowingly exerted possession and control over the computer.
 {¶ 28} Grayson's first assignment of error is without merit.
 {¶ 29} In his second assignment of error, Grayson argues that his conviction for theft was against the manifest weight of the evidence. We disagree.
 {¶ 30} Manifest weight of the evidence raises a factual issue and involves "the inclination of the greater amount of credible evidence."State v. Thompkins, *Page 8 78 Ohio St.3d 380, 387, 1997-Ohio-52 (emphasis sic) (citation omitted). Although the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine, State v.Thomas (1982), 70 Ohio St.2d 79, at syllabus, when reviewing a manifest weight challenge, the appellate court sits as the "thirteenth juror."Thompkins, 78 Ohio St.3d at 387 (citation omitted). As such, the reviewing court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. The reviewing court may exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence only in "those extraordinary cases where, on the evidence and theories presented, and taken in a light most favorable to the prosecution, no reasonable [trier of fact] could have found thedefendant guilty." State v. Bradford (Nov. 7, 1988), 5th Dist. No. CA-7522, 1988 Ohio App. LEXIS 4576, at *4, citing Martin,20 Ohio App.3d at 175 (emphasis added).
 {¶ 31} It is well-settled that when assessing the credibility of witnesses, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at *8. If the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id. Moreover, in a *Page 9 
criminal bench trial, a reviewing court will not reverse a conviction "where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Arnold (Sep. 7, 1999), 12th Dist. No. CA99-02-026, 1999 Ohio App. LEXIS 4159, at *10 (citations omitted).
 {¶ 32} Despite appellant's citations to various portions of Sanders' testimony which were alleged to be inconsistent and thus lacking credibility, our review of the record reveals nothing inherently incredible about the testimony of Sanders, Officer Petrovich, or Officer Permertor. Based upon the aforementioned evidence and testimony, we cannot conclude that the jury lost its way or created a manifest miscarriage of justice when it convicted Grayson for Theft of Sanders' computer.
 {¶ 33} Grayson's second assignment of error is without merit.
 {¶ 34} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur.
[1] The value of the restitution ordered by the court was based on the 120 days same-as-cash value of the computer, as evidenced by the rent-to-own agreement, presented as State's Exhibit 1 at trial. *Page 1