OPINION
{¶ 1} Defendant-appellant, Anthony Taylor, appeals his conviction for Assault, following a bench trial in the Conneaut Municipal Court. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On December 5, 2007, Taylor was charged with one count of Domestic Violence, a first degree misdemeanor, in violation of R.C. 2919.25. On December 11, *Page 2 
2007, an amended complaint was filed charging Taylor with one count of Assault, a first degree misdemeanor, in violation of R.C. 2903.13. When Taylor was arraigned, he entered a plea of not guilty. A bench trial was held on January 14, 2008.
 {¶ 3} At trial, the victim, Nicole Ryan, testified to the following. On December 4, 2007, she was in a romantic relationship with Taylor and pregnant with his child. On the night in question, they were arguing about their unborn child. The argument started on the car ride back to Ryan's apartment from an abortion clinic. When they arrived at Ryan's apartment, Taylor gathered his belongings from the apartment while Ryan tended to her one year old son. She testified that Taylor then "threw [her] on [her] couch * * * put his fists to [her] neck and * * * put his hands on [her] nose with [her] child standing there and [they] continued to argue." Still quarrelling, they proceeded to leave the apartment. On the stairway, Taylor slapped Ryan in the head. They then continued to Ryan's car. During the car ride, they argued about the route Ryan was taking. Taylor shifted Ryan's car gears in protest and pulled her emergency break. They eventually arrived at Taylor's parents' house where Taylor reluctantly got out. Ryan then drove to the gas station where she called the police.
 {¶ 4} The next witness to testify was Patrolman Christopher Hagstrom from the Conneaut Police Department. He testified to the following. He was called to the True North Gas station in Conneaut regarding a domestic situation. When he arrived at the scene, Ryan was "emotional, crying, and upset". He noticed she had a "bump and swelling on her nose." From his training and experience, he deduced she had been struck. He testified, on cross examination, that when he questioned Taylor, Taylor denied striking Ryan and claimed the argument did not become physical. *Page 3 
 {¶ 5} Patrolman David Schialdone next testified to the following. Upon his arrival to the gas station, he observed the "small bump along the side of [Ryan's] nose." He also testified that Ryan's demeanor was "highly upset, crying, very emotional, [and] very shaken."
 {¶ 6} Lastly, Taylor testified to the following. He stated that he did not have a physical altercation with Ryan; he did however, testify that he "grabbed her arms and she fell on the couch." He testified he did not choke, strike, or put his fists up to her nose. In the car, they argued about the route Ryan was driving. Taylor wanted her to go a certain way and when she did not, he "grabbed the e-brake." Ryan said she was not going to take Taylor to his house, but to a friend's house, then to the police station. Taylor further testified that when he asked Ryan why she would take him to the police station, she responded, "Oh, they'll believe me before you anyways." Ryan ultimately made it to Taylor's house and dropped him off. Later that night, the police came to his home.
 {¶ 7} Based on the evidence presented at trial, the court found Taylor guilty of Assault. He was sentenced to serve 180 days in jail, with 90 days suspended, and placed on 5 years unsupervised probation. He was further ordered to have no contact with Ryan, complete an anger management program, and was ordered not to go to the Highland Apartments in Conneaut.
 {¶ 8} Taylor timely appeals and raises the following assignment of error:
 {¶ 9} "[1.] The trial court erred to the prejudice of defendant-appellant when it [sic] returned a verdict of guilty against the manifest weight of the evidence in violation of Article IV of the Ohio constitution." *Page 4 
 {¶ 10} [W]eight of the evidence involves "the inclination of thegreater amount of credible evidence." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52 (emphasis sic) (citation omitted). "Weight of the evidence addresses the evidence's effect of inducing belief." State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 25 (citation omitted). "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 11} Generally, the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, at the syllabus. When reviewing a manifest weight challenge, however, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387
(citation omitted). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} In order to convict Taylor of Assault, the State had to prove, beyond a reasonable doubt, that Taylor "on or about the 4th day of December, 2007, in the city of Conneaut, did knowingly cause or attempt to cause physical harm to another, namely: Nicole Ryan, in violation of section 2903.13(A) of the Ohio Revised Code."
 {¶ 13} Taylor claims the conviction was against the manifest weight of the evidence. He points out that the only witness to testify to the alleged assault was Ryan. *Page 5 
He argues Ryan's testimony was inconsistent with the testimony of the Patrolmen. Patrolman Hagstrom testified Ryan informed him that Taylor "struck her while at her apartment and on the drive to the Shell gas station." Taylor argues that this is inconsistent with the testimony that Ryan dropped him off at his house before she drove to the gas station to call the police, consequently, he could not have struck her in the car. Taylor further disputes that Patrolman Schaildone testified that Ryan was "struck mainly at the apartment" which is inconsistent with Ryan's testimony she was struck both at her apartment and on the stairs. Taylor additionally asserts Ryan's testimony was biased. He claims Ryan was angry about his refusal to help pay for her abortion. Moreover, to support his claim, Taylor presents that in his testimony at trial he stated he never hit or choked Ryan. Taylor believes, "[e]ven giving due deference to the fact finder, it must be determined that this verdict was against the manifest weight of the evidence." We disagree.
 {¶ 14} Although Taylor testified he did not choke or hit Ryan, he did state he "grabbed her arms and she fell on the couch". Conversely, Ryan testified she was struck by Taylor. Her testimony was corroborated by the testimony of Patrolman Hagstrom and Patrolman Schialdone, who both witnessed marks consistent with an assault as described by Ryan. The testimony of the patrolmen established Ryan had marks on her face and Ryan's testimony demonstrated Taylor caused the marks. Even though her testimony does not mirror that of the patrolmen, her testimony was not inherently inconsistent. In addition, Ryan's bias does not invalidate her testimony; it simply goes to the weight of it. Ryan testified to several acts in which Taylor caused or *Page 6 
attempted to cause harm to her. The trial court found this testimony to be competent and credible evidence, sufficient to support a charge of Assault.
 {¶ 15} "It is well-settled that when assessing the credibility of witnesses, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" State v. McKinney, 11th Dist. No. 2006-L-169,2007-Ohio-3389, ¶ 49 (citations omitted). "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Id., citing Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, *8. "If the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict."State v. Grayson, 11th Dist. No. 2006-L-153, 2007-Ohio-1772, at ¶ 31, (citation omitted). "Moreover, in a criminal bench trial, a reviewing court will not reverse a conviction `where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt.'" Id.
 {¶ 16} After careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this court cannot conclude that the trial court clearly lost its way when it found Taylor guilty of Assault. The record contained evidence from which the trial court could have found that Taylor did knowingly cause or attempt to cause physical harm to Ryan. The trial court was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Based upon the aforementioned testimony, we cannot conclude that the trial *Page 7 
court lost its way or created a manifest miscarriage of justice when it convicted Taylor for Assault.
 {¶ 17} Taylor's sole assignment of error is without merit.
 {¶ 18} For the foregoing reasons, the Judgment Entry of the Conneaut Municipal Court, finding Taylor guilty of Assault, is affirmed. Costs to be taxed against appellant.
COLLEEN MARY O'TOOLE, J.,
 TIMOTHY P. CANNON, J., concurs. *Page 1