[Cite as *State v. Gibert*, 2017-Ohio-7676.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160857 |
| | | TRIAL NO. B-1603074 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ANNA GIBERT, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 20, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Following a jury trial, Anna Gibert was convicted of receiving stolen property after she failed for a period of several weeks to return a rental car to the rental agency.  She now appeals.

*Factual and Procedural Background*

{¶2}   The evidence at trial demonstrated that Gibert rented a car from Alamo on March 28, 2016.  She paid $197.53 to rent the car for three days.  When she failed to return the car on the third day, Alamo began to charge her credit card for the rental.

{¶3}   On April 3, the credit card was declined.  On April 5 and 8, Gibert called to extend her rental, but was informed that she would need to return to the rental office to do so, because her credit card had been declined.

{¶4}   On April 14, Alamo called Gibert to inform her that she had to return to the rental office to pay her rental balance.  She failed to do so.

{¶5}   On April 17, an Alamo representative tried unsuccessfully to contact Gibert.  On April 20, a representative left Gibert a telephone message reminding her that her rental payment was overdue, that she had to return to a rental office to extend the rental, and that Alamo would begin a conversion process, whereby the car would be reported as stolen if she failed to pay.

{¶6}   On April 25, Alamo sent Gibert a written demand for the immediate return of the car.  The letter stated that Gibert's authorization to operate the car had ceased on April 15.  Alamo then reported the car stolen.  Still Gibert still did not return the car.

{¶7}    On June 3, a sheriff's deputy stopped Gibert after determining that she was driving a car that had been reported stolen.  Gibert told the deputy that the car was not stolen, that she had rented it in March, and that someone had been paying the rental bill for her.  The deputy described the car as a "wreck," because it had sustained damage.  The damaged car was returned to Alamo.

{¶8}    Alamo's business records indicated that the repair costs for the car were over $500.  An invoice noted that Gibert had made several payments toward the total rental costs for the 28-day period from March 28 to April 25, but a balance of over $360 remained.

{¶9}    The jury found Gibert guilty of receiving stolen property.  The trial court sentenced her to community control and ordered restitution.  Gibert now appeals.

### Weight and Sufficiency of the Evidence

{¶10}  In her first assignment of error, Gibert challenges the weight and sufficiency of the evidence supporting her conviction for receiving stolen property.

{¶11}  When reviewing the manifest weight of the evidence, this court must review the entire record, weigh the evidence, and consider the credibility of the witnesses to determine whether the jury lost its way and committed such a manifest miscarriage of justice in convicting Gibert that her conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶12}  When reviewing the sufficiency of the evidence, this court may not weigh the evidence, but must view all evidence and reasonable inferences in the light most favorable to the prosecution to determine whether the jury could have found

the elements of the offense proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶13} To find Gibert guilty of receiving stolen property as charged in the indictment, the jury was required to find that she received, retained, or disposed of property of another, that being a motor vehicle, knowing or having reasonable cause to believe that the property was obtained through the commission of a theft offense. *See* R.C. 2913.51. The trial court instructed the jury without objection that "theft offense" meant:

> with purpose to deprive the owner of property, [a person] knowingly obtained or exerted control over the property, without the consent of the owner or the person authorized to give consent; or beyond the scope of the express [or] implied consent of the owner or person authorized to give consent; or by deception; by threat[;] or intimidation.

*See* R.C. 2913.02(A).

{¶14} Gibert now argues that the "theft offense" was really unauthorized use of a motor vehicle under R.C. 2913.03(B), rather than general theft under R.C. 2913.02. The jury, however, was not instructed under R.C. 2913.03(B), and Gibert made no objection at trial. Thus, the jury did not, and could not under the court's instruction, have found that unauthorized use of a motor vehicle was the predicate theft offense. We therefore review the evidence under the predicate offense of theft and not another predicate offense. We note, however, that the focus of the analysis under either theft offense remains the same—whether there was sufficient evidence to establish Gibert's knowledge of Alamo's revocation of consent. *See State v.*

4

*Bryant*, 1st Dist. Hamilton No. C-110484, 2012-Ohio-3909, ¶ 15-16 (a conviction for unauthorized use of a motor vehicle is supported by sufficient evidence if, after the original use of a rental car was authorized by contract, a rental company withdraws consent).

{¶15} In this case, the state presented evidence that by the end of April 2016, Alamo had unequivocally and expressly withdrawn its consent to use the car and had notified Gibert that she was no longer entitled to use it. But Gibert continued to retain possession of Alamo's car without consent until she was stopped by police on June 3, 2016. Consequently, we hold that the state presented sufficient evidence that Gibert had committed the offense of receiving stolen property. We further hold that the conviction was not against the manifest weight of the evidence. We overrule the first assignment of error.

### The Verdict Form

{¶16} In her second assignment of error, Gibert argues that the trial court erred by convicting her of receiving stolen property as a felony of the fourth degree. She maintains that the verdict form failed to comply with R.C. 2945.75(A)(2), by not stating the degree of the offense or indicating that the property involved in the offense was a motor vehicle.

{¶17} Receiving stolen property is generally a misdemeanor of the first degree, but if the property involved is a motor vehicle, the offense is a felony of the fourth degree. *See* R.C. 2913.51(C). Because the aggravating circumstance of the property being a motor vehicle changes the crime by increasing the degree of the offense and not just the penalty, that circumstance is an essential element of the

offense of which the defendant must be found guilty. *See State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 11; *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987).

{¶18} Under R.C. 2945.75(A)(2), when the presence of an additional element makes the offense one of a more serious degree, the guilty verdict must state either the degree of the offense for which the defendant was found guilty or that the additional element is present. *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus; *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, ¶ 13. Strict compliance with the dictates of R.C. 2945.75 is required. *McDonald* at ¶ 14; *State v. Johnson*, 2016-Ohio-781, 60 N.E.3d 661, ¶ 12 (1st Dist.). Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged. R.C. 2945.75(A)(2). *Pelfrey* at ¶ 13; *McDonald* at ¶ 14.

{¶19} The state directs us to the Supreme Court of Ohio's decision in *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, where the court upheld a defendant's conviction for possession of cocaine, a felony of the fifth degree, even though the verdict form contained neither the degree of the offense nor specified that Eafford had possessed cocaine. The court noted that the indictment charged Eafford with possession of cocaine, the least degree of the offense being a felony of the fifth degree; trial evidence proved that Eafford possessed cocaine; and the trial court instructed the jury that it could find Eafford guilty only if it found the drug involved to be cocaine. *Eafford* at ¶ 2.

{¶20} The state contends in its brief that the jury instructions in this case were like those in *Eafford*: "just as the trial court in *Eafford* instructed the jury that it had to find that cocaine was involved, the trial court here instructed the jury that it

6

had to find that a motor vehicle was involved[.]" Therefore, the state asserts, the only way that the jury could have found Gibert guilty of receiving stolen property was if they found that she had knowingly received, retained, or disposed of a motor vehicle.

{¶21} This argument is not persuasive. After its *Eafford* decision, the Supreme Court of Ohio made clear in *McDonald* that "in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, at ¶ 17; *Johnson*, 2016-Ohio-781, 60 N.E.3d 661, at ¶ 13. We find *McDonald* and *Johnson* to be controlling in this case. *See State v. Robinson*, 1st Dist. Hamilton No. C-150346, 2016-Ohio-3330, ¶ 29. Therefore, in determining whether the verdict form in this case complied with R.C. 2945.75, we consider only the verdict form, and not the jury instructions. *See McDonald* at ¶ 18.

{¶22} In this case, Gibert's offense of receiving stolen property would have constituted a misdemeanor but for the aggravating element that the property involved was a motor vehicle, a circumstance that elevates the crime to a felony of the fourth degree under R.C. 2913.51(C). *See Pelfrey* at ¶ 13. However, the verdict form included neither the degree of the offense for which she was convicted, nor a statement that an aggravating element—that the property involved was a motor vehicle—was found. Therefore, Gibert can be convicted only of a misdemeanor of the first degree, which is the least degree under R.C. 2913.51 of the offense of receiving

stolen property. *Id.*; *State v. Brown*, 12th Dist. Clermont No. 1133, 1983 WL 4303 (Feb. 23, 1983).

{¶23} We therefore sustain Gibert's second assignment of error, reverse the judgment of the trial court convicting her of receiving stolen property as a felony of the fourth degree, and remand the cause for the trial court to enter a judgment convicting Gibert of receiving stolen property as a misdemeanor of the first degree. Gibert's third assignment of error pertaining to a sentencing issue is moot.

### *Conclusion*

{¶24} The portion of the trial court's judgment convicting Gibert of receiving stolen property as a felony of the fourth degree is reversed, and this cause is remanded for the trial court to enter a judgment convicting Gibert of receiving stolen property as a misdemeanor of the first degree. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

MOCK, P.J., and ZAYAS, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.