[Cite as *State v. McHenry*, 2018-Ohio-3383.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170671 |
| | | TRIAL NO. 16CRB-33249B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ALANDONAL MCHENRY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 24, 2018


*Paula Boggs Muething*, City Solicitor, *Natalia S. Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Defendant-appellant Alandonal McHenry appeals his conviction, following a jury trial, for vehicular manslaughter in violation of R.C. 2903.06(A)(4).

{¶2}   In four assignments of error, McHenry argues that the verdict form was in error because it failed to require the jury to make a finding on a predicate offense in violation of R.C. 2945.75(A)(2), that his conviction was not supported by sufficient evidence, that it was against the manifest weight of the evidence, and that he received ineffective assistance from his trial counsel.   Finding no merit to his arguments, we affirm the trial court's judgment.

### *Factual Background*

{¶3}   On September 24, 2016, a vehicle driven by McHenry was involved in a single-vehicle accident on Interstate 75.   McHenry's front-seat passenger Jeffrey Griesinger died from injuries sustained in the accident.   McHenry was charged with vehicular homicide, in violation of R.C. 2903.06(A)(3), and vehicular manslaughter, in violation of R.C. 2903.06(A)(4).

{¶4}   Evidence presented at trial established that McHenry had been driving a pickup truck that was towing a trailer carrying various lawn-care equipment. McHenry had been traveling in the right lane when traffic in front of him slowed suddenly.   To avoid hitting the car in front of him, McHenry swerved to the right. McHenry's trailer jackknifed, causing the truck to slide sideways into a guardrail and a light post.   Griesinger was ejected from the vehicle and suffered extensive injuries, from which he later died.

{¶5}    Cincinnati Police Officer Alexandra Hoskins responded to the accident scene and spoke to McHenry.  Officer Hoskins testified that McHenry was very distraught and told her that he had been coming in too fast and had put his foot on the brake, and that the trailer had caused him to lose control of his vehicle.  Cincinnati Police Officer Aaron Myers, who had been Officer Hoskins's assigned recruit at the time of the accident, also spoke with McHenry.  McHenry told Officer Myers that he had been driving approximately 55 m.p.h. when the car in front of him braked, requiring McHenry to brake and swerve to avoid hitting it.  McHenry made a similar statement to Sergeant Michael Machenheimer, stating that he had slammed on his brakes because traffic ahead had suddenly stopped, and that he had thought it would be better to hit the guardrail instead of the car in front of him.

{¶6}    Cincinnati Police Specialist Jerry Enneking testified that he had conducted a crash scene investigation.  Specialist Enneking determined that McHenry had failed to control his vehicle in a safe manner when he swerved to the right while braking, and that roadway and weather conditions had not been a factor in the accident.  Specialist Enneking testified that McHenry had been traveling at a speed that did not allow him to stop or safely avoid a crash.

{¶7}    McHenry testified that he had been traveling south on Interstate 75 when the car in front of him had suddenly stopped.  McHenry hit his brakes and attempted to veer to the right, but the trailer jackknifed, causing the truck to turn and slide into a light pole and guardrail.  McHenry testified that he had driven the truck and trailer on previous occasions and that he had not been speeding when the accident occurred.  He denied telling Officer Hoskins that he had "been coming in

3

too fast." He further denied telling Sergeant Machenheimer that he had slammed on his brakes, and testified that he had gradually pressed on the brakes.

{¶8}   The jury acquitted McHenry of vehicular homicide, but found him guilty of vehicular manslaughter.

### R.C. 2945.75

{¶9}   In his first assignment of error, McHenry argues that the verdict form for the offense of vehicular manslaughter violated R.C. 2945.75(A)(2) because it failed to require a separate finding for the predicate offense of failure to control a motor vehicle. McHenry's argument is misplaced.

{¶10}  R.C. 2945.75(A)(2) provides:

(A)    When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

(2)  A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

This statute applies when the presence of an additional element makes the offense one of a more serious degree. *State v. Gibert*, 2017-Ohio-7676, 97 N.E.3d 1004, ¶ 18 (1st Dist.).

{¶11} McHenry was found guilty of vehicular manslaughter in violation of R.C. 2903.06(A)(4), which provides that:

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or

aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

* * *

(4) As the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor * * *.

Here, the state alleged that McHenry had caused the death of Griesinger while committing a violation of R.C. 4511.202, operating a vehicle without reasonable control.

{¶12} McHenry's failure to operate his vehicle with reasonable control was a basic element of the offense of vehicular manslaughter under R.C. 2903.06(A)(4). It was not an element that elevated the degree of the offense. Because the complaint did not allege, and the state did not seek to prove, any additional element that would have elevated the degree of the offense or made it a more serious degree, R.C. 2945.75(A)(2) was inapplicable and the jury was not required to specifically find on the verdict form that McHenry had operated his vehicle without reasonable control.

{¶13} McHenry was charged with, and found guilty of, vehicular manslaughter as a misdemeanor of the second degree. This was the least degree of the offense of vehicular manslaughter. R.C. 2903.06(D) provides:

Whoever violates division (A)(4) of this section is guilty of vehicular manslaughter. Except as otherwise provided in this division, vehicular manslaughter is a misdemeanor of the second degree. Vehicular manslaughter is a misdemeanor of the first degree if, at the time of the offense, the offender was driving under a suspension or cancellation

imposed under Chapter 4510. or any other provision of the Revised Code or was operating a motor vehicle or motorcycle, did not have a valid driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege, and was not eligible for renewal of the offender's driver's license or commercial driver's license without examination under section 4507.10 of the Revised Code or if the offender previously has been convicted of or pleaded guilty to a violation of this section or any traffic-related homicide, manslaughter, or assault offense.

Had the state sought to prove any of the elements in R.C. 2903.06(D) that would have elevated the commission of the offense of vehicular manslaughter to a misdemeanor of the first degree, the verdict form would have been required to comply with R.C. 2945.75(A)(2) and include either the degree of the offense or a statement that the additional element was found. But because the state did not seek to prove any of these additional elements, and McHenry was charged with the least degree of the offense, R.C. 2945.75(A)(2) was inapplicable.

{¶14} The jury was properly instructed on the elements of vehicular manslaughter under R.C. 2903.06(A)(4) and operating a vehicle without reasonable control under R.C. 4511.202. The verdict form for vehicular manslaughter stated "We the jury, in the issue joined, find the defendant, ALANDONAL MCHENRY, GUILTY of Vehicular Manslaughter in violation of Section 2903.06(A)(4) of the Ohio Revised Code." By finding McHenry guilty of vehicular manslaughter, the jury necessarily found that the state had proven all the elements of that offense, including

that McHenry had failed to control his vehicle in violation of R.C. 4511.202. This was an element of the offense itself, not an element of enhancement.

{¶15} Having determined that the verdict form was not in error, we overrule McHenry's first assignment of error.

### Sufficiency and Weight

{¶16} In his second and third assignments of error, McHenry argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. He specifically challenges the proximate cause element of his conviction, contending that the record fails to demonstrate that Griesinger died as a result of his actions. He argues that Griesinger's death was not foreseeable or within the scope of risk created by his conduct. We find this argument to be without merit.

{¶17} By finding McHenry guilty of vehicular manslaughter, the jury found that he had caused Griesinger's death "as the proximate result" of committing a violation of R.C. 4511.202. *See* R.C. 2903.06(A)(4).

{¶18} In the context of an involuntary-manslaughter conviction, this court has held that the "proximate result" or "proximate cause" element "is satisfied when the accused sets in motion a sequence of events that make the death of another a 'direct, proximate, and reasonably inevitable' consequence." *State v. Lovelace*, 137 Ohio App.3d 206, 215, 738 N.E.2d 418 (1st Dist.1999), quoting *State v. Chambers*, 53 Ohio App.2d 266, 272-273, 373 N.E.2d 393 (9th Dist.1977).

{¶19} The Second District considered a similar argument when reviewing the sufficiency of the evidence supporting a vehicular-manslaughter conviction in *State v. Wieckowski*, 2d Dist. Clark No. 2010-CA-111, 2011-Ohio-5567. Rejecting the appellant's proximate-cause argument, the court held that "[i]t is not necessary that

7

the precise consequences of the conduct be foreseeable but only that what actually transpired was naturally and logically within the scope of the risk created by the conduct." *Id.* at ¶ 12.

{¶20} Here, Griesinger's death was within the scope of risk created by McHenry's conduct. But for McHenry's failure to control his vehicle and crash into the guardrail and light post, Griesinger's death would not have occurred. Specialist Enneking's testimony established that, although McHenry was not speeding, he had been traveling at a speed that did not allow him to stop or to safely avoid a crash while towing a trailer. That Griesinger ultimately died from injuries following the crash "was not so extraordinary or surprising that it would be simply unfair to hold the defendant criminally responsible for something so unforeseeable." *Lovelace* at 216, citing LaFave & Scott, *Criminal Law*, Section 35, 246 (1972).

{¶21} The record contains sufficient evidence to establish that McHenry had caused Griesinger's death while operating his vehicle without reasonable control in violation of R.C. 2903.06(A)(4). *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). And this was not the rare case in which the jury lost its way and created such a manifest miscarriage of justice that McHenry's conviction must be reversed. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶22} The second and third assignments of error are overruled.

### Ineffective Assistance

{¶23} In his fourth assignment of error, McHenry argues that he received ineffective assistance from his trial counsel.

{¶24} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142. A reviewing court must indulge a presumption that counsel's behavior fell within the acceptable range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142.

{¶25} McHenry contends that his counsel was ineffective for failing to engage a crime scene reconstructionist. Generally, the failure to call an expert witness does not constitute ineffective assistance of counsel. *State v. Chambers*, 1st Dist. Hamilton Nos. C-060922 and C-061036, 2008-Ohio-470, ¶ 28. Although McHenry's counsel did not hire an expert to conduct an accident reconstruction, counsel thoroughly cross-examined Specialist Enneking, who investigated the crash and prepared a diagram of the accident scene. Counsel's decision to cross-examine the state's witness, rather than to call his own expert, was a matter of trial strategy. *Id*. Further, any testimony that a crime scene reconstructionist would have provided is purely speculative, and McHenry cannot demonstrate that the outcome of the proceedings would have been different but for counsel's failure to hire such an expert. *See Strickland* at 694; *Bradley* at 142.

{¶26} The fourth assignment of error is overruled.

*Conclusion*

{¶27} Having overruled McHenry's assignments of error, we accordingly affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.