**[Cite as *State v. Green*, 2020-Ohio-500.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,
          Plaintiff-Appellee,

  vs.

GREGORY GREEN,
          Defendant-Appellant.

:        APPEAL NO. C-180656
          TRIAL NO. C-18CRB-26982

:

:        *O P I N I O N.*

:

:

:


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 14, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   In the midst of a tragedy, a missing cellphone provides the centerpiece for this appeal. After his girlfriend passed away unexpectedly in her car, the defendant-appellant, Gregory Green, procured her iPhone and then never returned it. According to him, it was lost, but the trial court didn't see it that way, disbelieving him and convicting him for theft by deception. On challenges to the weight and sufficiency of the evidence, we ultimately affirm the trial court's judgment.

{¶2}   On October 5, 2018, Jenna Munninghoff tragically passed away in her car outside of her home. Dispatched to investigate the matter, police officer Robert Voland arrived on the scene. While there, Officer Voland was approached by Mr. Green, who informed Officer Voland that he was Ms. Munninghoff's boyfriend. Officer Voland then inquired if Mr. Green knew of a way to contact Ms. Munninghoff's next of kin. According to Officer Voland, Mr. Green explained that the pertinent contact information was on his cellphone in the car. After retrieving the cellphone from the car, Mr. Green accessed the information that the officer needed. After this encounter, Mr. Green pocketed the phone and took it with him when he left.

{¶3}   A few days later, when the cellphone failed to surface, Edward Munninghoff, the decedent's father, went to the police and explained that the cellphone in question actually belonged to him. After efforts to recover the phone from Mr. Green came up empty, he was charged with theft of the cellphone and convicted at a bench trial. Mr. Green now appeals that conviction, presenting two assignments of error, challenging both the sufficiency and the weight of the evidence underlying his conviction.

{¶4} Though Mr. Green frames his assignments of error as challenges to the both the sufficiency and weight of the evidence, the crux of his appeal is that the state failed to present sufficient evidence to sustain his conviction for theft by deception pursuant to R.C. 2913.02(A)(3). We review challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the state and determining "whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt." *State v. Barnthouse*, 1st Dist. Hamilton No. C-180286, 2019-Ohio-5209, ¶ 6. Sufficiency of the evidence is essentially a test of adequacy. *State v. Jeffries*, 2018-Ohio-2160, 112 N.E.3d 417, ¶ 62 (1st Dist.). Mr. Green was charged and convicted under R.C. 2913.02(A)(3), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * (3)[b]y deception[.]"

{¶5} Mr. Green first posits that the state failed to demonstrate that he acted with the purpose to deprive Mr. Munninghoff of his property or that Mr. Munninghoff was actually deprived of such property. R.C. 2913.01(C) states that " '[d]eprive' means to do any of the following: (1) [w]ithold property of another permanently * * * ." A person acts purposefully when "it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Sorting through that language and those standards, we are not persuaded by his argument.

{¶6} Mr. Green insists that he did not deprive Mr. Munninghoff of anything because the state failed to demonstrate that he had an interest in the cellphone. But

3

this fails to withstand scrutiny once we look at the record. Mr. Munninghoff testified that he paid for both the cellphone service and the actual cellphone, that the account was in his name, that he owned the phone, and that the bills arrived to his home. This provided sufficient evidence from which the trier of fact could conclude that Mr. Munninghoff enjoyed a possessory interest in the property even if his daughter physically had possession of it. *See* R.C. 2913.01(D); *State v. Burrell,* 8th Dist. Cuyahoga No. 96123, 2011-Ohio-5655, ¶ 20 (victim's testimony that she owned property in question established that she had an interest of which the defendant's actions deprived her).

{¶7} Moreover, while Mr. Green protests that the evidence failed to establish that he acted with the purpose to deprive Mr. Munninghoff of his property, we are reminded that "persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *State v. Garner*, 74 Ohio St.3d 49, 60, 656 N.E.2d 623 (1995). And "[b]ecause intent lies within the privacy of a person's own thoughts and is therefore not susceptible to objective proof, intent is determined from the surrounding facts and circumstances[.]" *State v. Capone*, 8th Dist. Cuyahoga No. 86281, 2006-Ohio-1537, ¶ 32, citing *Garner* at 60. Surveying the circumstantial evidence, testimony from Ms. Munninghoff's mother and Mr. Green's own testimony that he agreed to return the cellphone and yet never did, supports the inference that he acted with the requisite purpose to deprive Mr. Munninghoff of the cellphone. *See State v. Adams*, 1st Dist. Hamilton No. C-180337, 2019-Ohio-3597, ¶ 9 (explaining use of circumstantial evidence as evidence of intent in theft cases).

{¶8} Mr. Green also makes much of the fact that he was unaware of Mr. Munninghoff's relationship to the cellphone, yet Ohio caselaw underscores that the

controlling relationship in theft cases is that of the defendant to the property in question. *See State v. Grayson*, 11th Dist. Lake No. 2006-L-153, 2007-Ohio-1772, ¶ 26 (noting that the defendant's relationship with the property is controlling in the theft offense); *State v. Miller*, 2015-Ohio-644, 29 N.E.3d 258, ¶ 30 (3d Dist.), quoting *State v. Jones,* 8th Dist. Cuyahoga No. 92921, 2010-Ohio-902, ¶ 12 (" 'The gist of a theft offense is the wrongful taking by the defendant, not the particular ownership of the property.' "). Ultimately, it was unnecessary for the state to prove that Mr. Green knew the identity of the owner of the cellphone to maintain a conviction for theft. *Burrell* at ¶ 18 ("Defendant's belief that a conviction under this statute requires him to affirmatively deceive the property owner in order to accomplish theft is mistaken."); *State v. Senz,* 2018-Ohio-628, 107 N.E.3d 685, ¶ 17 (9th Dist.) ("[I]f the State did not have to prove who owned the property, it would seem logical that the State would not have to demonstrate that the defendant knew who owned the property."). The bottom line is he knew the phone wasn't his, and the state adduced evidence by the actual owner that Mr. Green lacked the right to the phone.

{¶9}    As to the act of deception, Officer Voland testified that Mr. Green told him the cellphone belonged to him and that this representation prompted Officer Voland to retrieve the phone from the car and give it to Mr. Green. "Deception" involves "knowingly deceiving another or causing another to be deceived by any false or misleading representation * * * ." R.C. 2913.01(A). A person is said to act "knowingly" when "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Thus, if believed, the officer's testimony sufficed to sustain the finding that Mr. Green engaged in an act of deception to gain control over the phone. *See State v. Jones,* 5th

5

Dist. Stark No. 2010CA00214, 2011-Ohio-4440, ¶ 30 (sufficient evidence supported theft by deception where defendant misrepresented herself to be the owner of a business causing the bank to transfer her loan proceeds); *Burrell* at ¶ 18 (noting that the theft needs merely to occur by deception of "another").

{¶10} Based on the evidence presented by the state, the trier of fact could have concluded that Mr. Green obtained possession of the cellphone through an act of deception, i.e., misrepresenting his status as the cellphone's owner, and that this act deprived Mr. Munninghoff of possession of the cellphone.

{¶11} As to Mr. Green's weight of the evidence challenge, as a reviewing court we are to examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether the trier of fact, in resolving conflicts in the evidence, clearly lost its way, which resulted in a manifest miscarriage of justice. *State v. Gibert*, 2017-Ohio-7676, 97 N.E.3d 1004, ¶ 11 (1st Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶12} Challenges to the weight of the evidence essentially "attack[ ] the credibility of the evidence presented." *State v. Waford*, 1st Dist. Hamilton No. C-050061, 2006-Ohio-1955, ¶ 13. And the case at hand primarily involved a credibility battle between witnesses, particularly Mr. Green and Officer Voland. On the stand Mr. Green averred that he never told Officer Voland that the cellphone belonged to him, and Officer Voland testified to the contrary. But the judge, as the trier of fact in this case, simply did not find Mr. Green to be credible: "Long story short, I didn't believe anything that the defendant had to say."

{¶13} The fact that the judge chose not to believe Mr. Green's explanation of the events does not render his conviction contrary to the manifest weight of the

6

evidence. Ultimately, the weight assigned to the evidence and the credibility to be given to the witnesses is primarily for the trier of fact to resolve. *State v. Pawloski*, 188 Ohio App.3d 267, 2010-Ohio-3504, 935 N.E.2d 111, ¶ 14 (8th Dist.), citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. And upon our review of the record, the trier of fact here did not lose its way in making those determinations such that the verdict resulted in a manifest miscarriage of justice.

{¶14} Finally, Mr. Green asserts that if we were to find him guilty of anything, it should be for unauthorized use of property pursuant to R.C. 1913.04(A). Mr. Green, however, failed to raise this as a separate assignment of error in his appellate brief, *see* App.R. 12(A)(2); App.R. 16(A), and also failed to raise this argument in the trial court. *See State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 14 (1st Dist.) ("[E]rrors not raised in the trial court in the first instance may not be considered on appeal."). These failures preclude our review of this issue at this juncture.

{¶15} For all of the foregoing reasons, we overrule Mr. Green's two assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:
    The court has recorded its own entry this date.