[Cite as *State v. Brown*, 2023-Ohio-1123.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190399 |
| | | TRIAL NO. B-1705754F |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MONAI SHEREA BROWN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 5, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Monai Sherea Brown appeals her conviction, following a jury trial, for tampering with records, a third-degree felony, in violation of R.C. 2913.42(A)(1). Following our review of the record, we hold that because the jury verdict for tampering with records did not list the degree of the offense or the element of the offense that elevated it from a first-degree misdemeanor to a third-degree felony, the trial court erred in entering a conviction against Brown for tampering with records as a third-degree felony. We further hold that the trial court erred by failing to impose a specific amount of restitution at the sentencing hearing. We accordingly reverse the trial court's judgment convicting Brown of a third-degree felony and remand for the trial court to enter a judgment convicting Brown of tampering with records as a first-degree misdemeanor and for resentencing in accordance with the law and this opinion.

### *Factual and Procedural Background*

{¶2} In a separate proceeding, Brown filed a complaint for quiet title against Loie Hallug in an attempt to acquire Hallug's home by adverse possession. For her actions, Brown was subsequently charged with tampering with records in violation of R.C. 2913.42(A)(1), theft in violation of R.C. 2913.02(A)(3), and unauthorized use of property in violation of R.C. 2913.04(A). All offenses were third-degree felonies.

{¶3} Following a jury trial in which Brown acted as her own counsel, she was found guilty of tampering with records. Brown was acquitted of unauthorized use of property, and the jury was unable to reach a verdict on the charge of theft, which was subsequently dismissed. The trial court sentenced Brown to one year in jail and ordered restitution in the amount of $1,500.

{¶4} Brown previously appealed her conviction to this court, raising three assignments of error for our review. *State v. Brown*, 1st Dist. Hamilton No. C-190399, 2021-Ohio-597, *rev'd,* Slip Opinion No. 2022-Ohio-4347. In that first appeal, we determined that Brown's first assignment of error, in which she challenged the sufficiency of the evidence supporting her conviction for tampering with records, was meritorious. *Id.* at ¶ 27. In so concluding, we held that Brown's conviction was based on false statements that she made in a civil complaint and that she had an absolute privilege to make those statements. *Id.* at ¶ 25-26.

{¶5} The state appealed that decision to the Supreme Court of Ohio, which accepted the appeal and reversed this court. *State v. Brown*, Slip Opinion No. 2022-Ohio-4347. It held that "the litigation privilege that shields a person from civil liability for defamatory statements that the person made during a judicial proceeding and were reasonably related to that proceeding does not extend to protect that person from criminal prosecution" and, consequently, that "Brown was not shielded from criminal liability for the statements she made in the quiet-title action that she filed against Hallug." *Id.* at ¶ 26. The court further determined that Brown's conviction for tampering with records was supported by sufficient evidence, and it remanded for this court to consider Brown's remaining assignments of error. *Id.* at ¶ 29-33.

{¶6} We now follow that mandate and consider Brown's second and third assignments of error.

### *Degree of the Offense*

{¶7} In her second assignment of error, Brown argues that the trial court erred in entering a conviction for tampering with records as a felony of the third degree. The state concedes that this was error.

3

{¶8} Typically, a violation of R.C. 2913.42(A)(1) is a first-degree misdemeanor. *See* R.C. 2913.42(B)(2)(a). But if the writing, data, computer software, or record that has been tampered with is kept by or belongs to a local, state, or federal governmental entity, the offense becomes a third-degree felony. *See* R.C. 2913.42(B)(4). Brown was indicted for tampering with records as a third-degree felony. The indictment provided that the writing, data, or record falsified by Brown was kept by or belonged to a local, state, or federal governmental entity. The jury instruction pertaining to this offense contained similar language.

{¶9} Pursuant to R.C. 2945.75(A)(2), when the presence of an additional element elevates the degree of an offense, "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." *See State v. Gibert*, 2017-Ohio-7676, 97 N.E.3d 1004 ¶ 18 (1st Dist.); *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 12. Here, the additional element providing that the falsified record was kept by or belonged to a local, state, or federal governmental entity elevated the degree of the offense from a first-degree misdemeanor to a third-degree felony. So to be convicted of tampering with records as a third-degree felony, the guilty verdict either needed to state the degree of the offense or that this additional element was present.

{¶10} The verdict form for the offense of tampering with records stated that "We, the jury, in the issue joined, find the defendant, Monai Sherea Brown, GUILTY of Tampering with Records, 2913.42(A)(1) R.C. as charged in Count 7 of the Indictment." The form did not list the degree of the offense or the element that

4

elevated the offense from a first-degree misdemeanor to a third-degree felony. Consequently, Brown could only have been found guilty of the least degree of the offense charged, which is a first-degree misdemeanor, and the trial court erred in entering a conviction for tampering with records as a third-degree felony.

{¶11} The second assignment of error is sustained.

### *Restitution*

{¶12} In her third assignment of error, Brown argues that the trial court erred in ordering her to pay restitution in the amount of $1,500 because it did not announce the amount of restitution in open court at the sentencing hearing.

{¶13} R.C. 2929.18(A)(1) provides that the trial court may impose restitution as a financial sanction and that, if it does so, "the court shall order that the restitution be made to the victim in open court." The statute further states that "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender." *Id.* The plain language of R.C. 2929.18(A)(1) requires the trial court, if it imposes restitution at sentencing, to determine the amount of restitution at that time. *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 9 (1st Dist.); *State v. Lowe*, 1st Dist. Hamilton No. C-130048, 2013-Ohio-4224, ¶ 4; *State ex rel. Howery v. Powers*, 2020-Ohio-2767, 154 N.E.3d 146, ¶ 18 (12th Dist.).

{¶14} At Brown's sentencing hearing, the trial court stated that "[c]ourt costs and restitution shall be paid." It did not specify an exact amount of restitution at the hearing, but the sentencing entry stated that Brown was to make restitution in the amount of $1,500. The state argues that the trial court's order of restitution in open court at the sentencing hearing, coupled with the imposition of an exact amount of

restitution in the sentencing entry, was sufficient to comply with R.C. 2929.18(A)(1) and establish that restitution was made "at sentencing." It contends that the facts of this case, in which the trial court determined the amount of restitution, are distinguishable from prior precedent of this court.

{¶15} The state correctly asserts that in *Lowe* and *Purnell*, the trial court ordered the defendant to make restitution in an amount to be determined by the probation department, rather than determined by the court itself. *See Lowe* at ¶ 1; *Purnell* at ¶ 2 and 5. But this distinction is without import, as this court has also found that the trial court erred by failing to comply with R.C. 2929.18(A)(1) in a recent case with facts analogous to those in the case at bar. In *State v. Miles*, 1st Dist. Hamilton No. C-210226, 2021-Ohio-4581, the trial court ordered at the sentencing hearing that restitution be paid, but it never affirmatively stated the exact amount at the hearing. Rather, the amount was specified later in the sentencing entry. *Id.* at ¶ 11. In finding that this was erroneous, we held that "[t]he trial court was required to determine and impose a specific amount of restitution at the hearing." *Id.* We further stated that "[a] trial court commits reversible error when it fails to impose the amount of restitution in open court during the sentencing hearing." *Id.* at ¶ 7, quoting *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 69.

{¶16} We therefore hold that the trial court erred in failing to impose in open court at the sentencing hearing the amount of restitution that Brown was required to pay. The third assignment of error is sustained.

### *Conclusion*

{¶17} The trial court's judgment convicting Brown of tampering with records as a third-degree felony is reversed. This cause is remanded with instructions for the

trial court to enter a judgment convicting Brown of tampering with records as a first-degree misdemeanor and to impose sentence accordingly. Should the trial court impose an order of restitution upon resentencing, it must specify the amount of restitution in open court at the sentencing hearing.

Judgment reversed and cause remanded.

**CROUSE, P.J.**, and **ZAYAS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.