[Cite as *State v. Bryant*, 2012-Ohio-3909.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110484 |
| | | TRIAL NO. 10CRB-36240 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KEMYA BRYANT, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed from is:  Affirmed

Date of Judgment Entry on Appeal:  August 29, 2012

*John Curp*, City Solicitor, *Charles Rubenstien*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Rayvert J. Clark*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Kemya Bryant appeals from the judgment of the Hamilton County Municipal Court, after a bench trial, convicting her on one count of unauthorized use of a motor vehicle.  The conviction arose out of Bryant's use of a vehicle that she had rented from Enterprise Rent-a-Car ("Enterprise") but had failed to return.  For the reasons that follow, we affirm the trial court's judgment.

## The Facts

{¶2}    Bryant had been renting vehicles from the same Enterprise location for over a year when she signed a rental agreement for the use of a 2010 Hyundai Elantra.  The written contract specified a lease term of August 28, 2010, until September 27, 2010.  Bryant failed to return the vehicle on that date.  After a few days an Enterprise representative contacted her and told her to either return the Elantra or make a payment for the previous rental period.  Bryant made a payment of $305, and Enterprise informally extended the contract until October 22, 2010.

{¶3}    After October 22, 2010, Enterprise's business records indicated that Bryant failed to return the Elantra.  An Enterprise representative contacted her on October 26, 2010, and told her to return the Elantra the next morning.  The records also indicated that the representative had informed her that she could not rent another vehicle until she paid the balance owed for the Elantra, and that Bryant indicated that she wanted the opportunity to make a payment.  Bryant did not return the Elantra on October 27, 2010, or make any additional payments.  She failed to return a phone call made the following day urging her to return the Elantra and to call the rental office.

{¶4}     When Bryant failed to return the call, Enterprise sent her a written demand letter, by certified mail, informing her that it would report the Elantra as stolen, if she failed to contact Enterprise within the next five days.  Bryant failed to contact Enterprise, and on November 4, 2010, Enterprise reported the Elantra as stolen.  A warrant was issued for Bryant's arrest.  The complaint and affidavit supporting the warrant indicted that Bryant had failed to return the rental car on September 27, 2010, at the end of her contract, and that she had yet to return it, despite several demands for it.

{¶5}     The police recovered the Elantra while Bryant was driving it on her way to work in early January 2011.  She was arrested and later indicted for the unauthorized use of the vehicle in violation of R.C. 2913.03(A), a first-degree misdemeanor.  The indictment indicated that the offense occurred "on or about" September 27, 2010.

{¶6}     Jamin Johnson, the manager of the Enterprise branch where Bryant had rented the Elantra, testified that Enterprise had a long and often informal renting relationship with Bryant, in that return dates on her written contracts would be extended to suit her needs if Enterprise did not need the vehicle for another customer.  To that end, Johnson said that if Bryant had failed to return a vehicle on a due date, Enterprise would contact her within a few days and give her the opportunity to bring in the vehicle or to make a payment to extend the rental period.  According to Johnson, he had a good relationship with Bryant and she had always complied.  But she did not return the Elantra on October 22, 2010, and Johnson testified that Enterprise had not expressly authorized her to use the Elantra after that date, except to return it.

{¶7}    Ryan King, another employee of Enterprise, confirmed that the return date on Bryant's written contract was September 27, 2010, and that it was extended until October 22, 2010.  King authenticated the records demonstrating that, at a minimum, by the beginning of November, Enterprise had unequivocally revoked Bryant's authority to use the Elantra.

{¶8}    Bryant defended the charge by emphasizing that she had a contract with Enterprise concerning the Elantra and that she believed she had Enterprise's continued consent to use the Elantra because of this contract and her "good relationship" with the company.   Additionally, she denied receiving any communication, oral or written, from Enterprise after it agreed to extend the original return date.  She had been authorized in the past to use a rental vehicle until told to return it.  She conceded, however, that she had to return the Elantra "sometime," and that the $305 payment did not extend her contract for more than 30 days.

### Due-Process Claims

{¶9}    In her first assignment of error, Bryant argues that her conviction was obtained in violation of her due-process rights.  Specifically, she contends that the evidence was insufficient to establish her unauthorized use of the Elantra on September 27, 2010, the date set forth in the indictment, and that a conviction based on her conduct after that date was constitutionally infirm because she was not provided notice and an opportunity to present a defense.

{¶10}   We first address the sufficiency of the evidence to support Bryant's conviction.  Bryant was convicted of unauthorized use of a vehicle in violation of R.C. 2913.03(A).  This statute provides that "[n]o person shall knowingly use or operate a[] * * * motor vehicle * * * without the consent of the owner or person authorized to give consent.

{¶11} The statute's prohibition reaches "the use or operation of a motor vehicle without, beyond, or after revocation of the owner's consent." *State v. Rose*, 63 Ohio St.3d 585, 589 N.E.2d 1315 (1992), syllabus; s*ee also State v. Cornish*, 2d Dist. No. 95-CA-65, 1996 Ohio App. LEXIS 3164 (July 26, 1996).

{¶12} Two affirmative defenses to the offense of unauthorized use of a vehicle are set forth in the statute: (1) "[a]t the time of the alleged offense, the actor, though mistaken, reasonably believed that the actor was authorized to use or operate the property;" and (2) "[a]t the time of the alleged offense, the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property." R.C. 2913.03(C)(1) and (2).

{¶13} Byrant's original taking of the Elantra was authorized, as demonstrated by the written rental agreement that expired on September 27, 2010. Bryant responded to Enterprise's conditional demand for the return of the vehicle by paying enough on the contract to extend the return date until October 22, 2010. Both of the state's witnesses testified that she had full authority to use the vehicle through that date.

{¶14} We agree with Bryant that a conviction for unauthorized use of the Elantra on September 27, 2010, would not be supported by sufficient evidence on every element of the offense and, therefore, a conviction based on her use of the Elantra on that date would be a violation of her due-process rights. *See Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶15} In this case, where the original use or operation was authorized by a written contract, and the parties undisputedly had a history of an informal renting relationship both before and thereafter, the conviction for the unauthorized use of

5

the rented vehicle could be sustained only if the rental company had expressly withdrawn the consent. *See generally Rose*, 63 Ohio St.3d at 589, 589 N.E.2d 1315 ("holding that an owner may revoke consent after notifying the borrower he or she is no longer entitled to use the vehicle.") Thus, the state failed to demonstrate Bryant's unauthorized use of the Elantra on September 27, 2010.

{¶16} But the state did present overwhelming evidence that by at least early November 2010, Bryant had lost Enterprise's consent to use the Elantra and she had been notified that she was no longer entitled to use the vehicle.

{¶17} As Bryant acknowledges, the trial court recognized a variance between the evidence at trial and the date of the crime specified in the indictment. This was demonstrated by the court's comments at trial, although the court did not formally amend the indictment. We note that the date and time are not essential elements of a violation of R.C. 2913.03(A), and the variance did not change the name or identity of the crime charged.

{¶18} Bryant does not cite any case law to support her argument that she was denied notice and an opportunity to defend. However, notions of due process require that an indictment contain the elements of the offense charged and sufficiently notify the defendant of the charges against which he must defend. *See Russell v. United States*, 369 U.S. 749, 763-764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). And the Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation." *See also* Ohio Constitution, Article I, Section 10.

{¶19} Generally, if specific times and dates are not essential elements of a charged offense, the omission of specific dates and times in an indictment or bill of

particulars or the stating of the time "imperfectly" is without prejudice or constitutional consequence, provided that the failure to provide times and dates does not materially deprive the defendant of an opportunity to prepare a defense. *See* R.C. 2941.08(B) and (C); R.C. 2941.26; Crim.R. 7(D); *State v. Gingell*, 7 Ohio App.3d 364, 455 N.E.2d 1066 (1st Dist.1982); s*ee also Cincinnati v. Woods*, 322 N.E.2d 303, 304 (1st Dist.1974) (explaining Crim.R. 7[D].)

{¶20}  Further, a judgment of conviction shall not be reversed because of a "variance between the allegations and the proof thereof unless the accused is misled or prejudiced thereby."  R.C. 2945.83(B); Crim.R. 33(E)(2); *State v. Frambach*, 81 Ohio App.3d 834, 846, 612 N.E.2d 424 (9th Dist.1992).  Ultimately, the issue is whether the variance in the date affected the defendant's ability to fairly defend herself for the offense of unauthorized use of the Elantra.  *See Woods* at 304; *See also Gingell* at 368.

{¶21}  The record demonstrates that Bryant had notice that she was on trial for her use of the Elantra from the time of the first return date until the police recovered it in early January 2011.  Although the indictment stated only "on or about September 27," the complaint and affidavit accompanying the arrest warrant indicated that it was a continuing offense as of November 4, 2010, the date the affidavit was sworn.  Further, at trial, the state stressed that she never returned the Elantra despite repeated demands.   Bryant did not object to this evidence.  The proof at trial established the same offense involving the same vehicle and rental agreement, only on a date subsequent to the date listed in the indictment.

{¶22}  And the record contains no evidence that the variance in the dates deprived Bryant of an opportunity to prepare a defense.  If Bryant was misled by the date included in the indictment, she could have requested a continuance at trial.  *See*

7

Crim.R. 7(D). She did not. Instead, she defended the allegation that at some point after September 27, 2010, she lost Enterprise's consent to use the Elantra. For example, she testified that she received no communications from Enterprise after October 2, 2010, and that her relationship with Enterprise led her to believe that her continued use during the next months was authorized or would be authorized. The date of the offense was not material.

{¶23} Finally, Bryant provides no explanation of how her defense would have been different. Thus, Bryant has failed to demonstrate the necessary prejudice to establish a due-process claim resulting from the variance in the date of the offense.

{¶24} Ultimately, the trial court was free to determine that Bryant's testimony was not credible and to reject as unreasonable her belief that she had consent or that Enterprise would give her consent.

{¶25} Thus, we conclude that the trial court did not violate Bryant's due-process rights by convicting her of unauthorized use of the Elantra. Accordingly, we overrule the first assignment of error.

### Ineffective-Assistance-of-Counsel Claim

{¶26} In her second assignment of error, Bryant argues that she was denied the effective assistance of trial counsel. She contends counsel was ineffective for failing to raise the statutory defenses to unauthorized use of a motor vehicle and failing to object to the admission of the written rental agreement.

{¶27} To prevail on a claim of ineffective assistance of counsel, Bryant must demonstrate that counsel's performance was deficient and that she was prejudiced because of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d

373 (1989), paragraph two of the syllabus. If there is a reasonable probability that the outcome of the proceeding would have been different if not for counsel's errors, the trial court's judgment will be reversed. *Bradley* at paragraph three of the syllabus.

{¶28} According to Bryant, trial counsel's performance was deficient because counsel failed to raise the affirmative defenses set forth in R.C. 2913.03(C). Bryant relies on *State v. Kole*, 92 Ohio St.3d 303, 750 N.E.2d 148 (2001). In that case, the Supreme Court reversed the convictions of Kole, a bounty hunter, based on the ineffective assistance of trial counsel, who failed to raise a statutory defense. The state's abduction, burglary and weapons charges against Kole arose from Kole's entry into a third-party's apartment with his gun drawn to apprehend a fugitive that he had been hired to recover. *Id.* at 303-304.

{¶29} Although trial counsel raised a common law privilege in defense to the charges, that privilege was narrower than the statutory privilege that R.C. 2713.22 provided a bail-bonding agent to surrender a defendant. *Id.* at 305. The Supreme Court found that the outcome of the trial would likely have been different if the jury had been instructed in accordance with the broad privilege provided under R.C. 2713.33, and thus, it sustained Kole's ineffective assistance of counsel claim.

{¶30} In this case, however, trial counsel did present the statutory defenses; he just failed to specify that they were "statutory." Regarding the first defense, that "the actor * * * reasonably believed that [she] was authorized to use or operate the vehicle," trial counsel elicited testimony that Bryant had a written contract with Enterprise that authorized her to drive the Elantra in the first instance, and a subsequent informal and open-ended arrangement, under which she believed that

she was authorized to keep the vehicle until Enterprise contacted her to bring it in or to make an additional payment.

{¶31} With respect to the second defense, that "the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property," trial counsel elicited testimony from Johnson that Enterprise always contacted Bryant when she needed to return the rental vehicle. Further, counsel elicited testimony from Bryant that she did not receive any communication from Enterprise after October 2, 2010, when her contract was extended.

{¶32} Further, we presume that the trial court, as fact finder, applied the law correctly and properly considered Bryant's statutory defenses. Under these circumstances, any failure by trial counsel to specify that Bryant was presenting "statutory defenses" was nonprejudicial.

{¶33} Next Bryant argues that trial counsel was ineffective for failing to object to the admission of the written rental agreement. According to Bryant, this document was inadmissible because Bryant's purported signature was not specifically authenticated by any of the state's witnesses and the document was irrelevant to the state's case. Further, she contends that the admission of the document was "extremely prejudicial" because the state's case depended upon her violation of the terms of the written rental agreement, which required Bryant to return the Elantra on September 27, 2010. These arguments are feckless.

{¶34} Bryant's argument essentially attacks trial counsel's tactic of using the written rental agreement to help establish Bryant's defense. There is a strong presumption that trial counsel rendered adequate assistance and exercised reasonable professional judgment. *See Strickland*, 466 U.S. at 689-690, 104 S.Ct.

10

2052, 80 L.Ed.2d 674. In light of King's and Johnson's testimony that the written rental agreement authorized Bryant to use the Elantra in the first instance, and that Enterprise had a conditional, open-ended relationship with her after the expiration of the contract, we conclude that trial counsel's failure to object to the admission of the written rental agreement and her reliance on the written agreement to set up her defense was well within the wide range of professionally competent assistance.

{¶35} In sum, Bryant has failed to meet her burden to establish that trial counsel's performance was deficient and that this deficient performance prejudiced her. Accordingly, we overrule the second assignment of error.

### Admissibility of the Written Rental Agreement

{¶36} In her third assignment of error, Bryant contends that the trial court committed plain error by admitting the written rental agreement. Bryant again argues that this document was inadmissible because Bryant's purported signature was not specifically authenticated by any of the state's witnesses and the document was not relevant to any issues in the case. We reject both arguments.

{¶37} First, Bryant testified that she was a party to the written rental agreement, and thus, any deficiency in the state's authentication testimony related to her signature was corrected by this testimony. Further, as already discussed, the written rental agreement was relevant to the state's case and to Bryant's defense. Thus, Bryant has failed to demonstrate plain error in the admission of the written rental agreement. The assignment of error is meritless, and we overrule it.

{¶38} Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J., CUNNINGHAM** and **DINKELACKER, JJ.**

Please note:

11

The court has recorded its own entry on the date of the release of this decision.