[Cite as *State v. Goff*, 2020-Ohio-1474.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                      :          APPEAL NO. C-190093
                                                               TRIAL NO. B-1804019
    Plaintiff-Appellee,                     :

  vs.                                              :
                                                               *O P I N I O N.*
MICHAEL GOFF,                                       :

    Defendant-Appellant.                    :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 15, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    After Michael Goff cashed a forged check at First Financial Bank, he was charged with felony theft and forgery.  In exchange for Goff's guilty plea to a reduced charge of misdemeanor theft, the state dismissed the forgery charge.  The trial court sentenced Goff to 180 days in jail and ordered him to pay restitution to the bank in the amount of the forged check.

{¶2}    Goff now appeals.  In a single assignment of error, he argues that the trial court erred by ordering him to pay restitution to the bank because the bank is not a "victim" under R.C. 2929.28(A)(1), the statute that allows a court to order an offender to pay restitution to the victim of a misdemeanor.  He contends that a bank that cashes a forged check and then recredits its depositor's account does not suffer direct economic harm as a result of the offense and therefore is not a "victim" under the statute.

{¶3}    R.C. 2929.28(A)(1) allows a court to sentence a misdemeanor offender to the financial sanction of "restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based upon the victim's economic loss."  The amount of restitution is limited to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."  *Id.*  The statute does not define the term "victim."

{¶4}    While this appeal was pending, the Supreme Court of Ohio released *State v. Allen*, Slip Opinion No. 2019-Ohio-4757, in which it construed R.C. 2929.18(A)(1), the counterpart to R.C. 2929.28(A)(1) that applies to felony offenders

and contains the same restitution provision.[1] Because the term "victim" is not defined in R.C. 2929.18, the court looked to the ordinary meaning of the term. *Id.* at ¶ 4.

{¶5} In *Allen*, the Supreme Court held that a bank that cashes a forged check and recredits its depositor's account is a victim "under any plausible, common-sense understanding of the word 'victim.' " *Id.* at ¶ 5. The court pointed to three primary considerations in support of its holding: (1) a bank loses its property interest in the deposited money at the moment it pays a fraudulent check; (2) a bank has a statutory duty to correct its erroneous deductions from a depositor's account; and (3) a bank is the target of the fraud because it is duped by the defendant when he presents the forged check to the bank teller. *Id.* at ¶ 7-10. Under these circumstances, the court stated, "the banks are victims under any common-sense understanding of that term. A person or a business entity is paradigmatically a victim when they are duped into giving their property to a thief, and they suffer an economic loss as a result." *Id.* at ¶ 10.

{¶6} The same logic applies whether the bank is a victim of a felony or a misdemeanor offense. Thus, we apply the reasoning of *Allen* and hold that under R.C. 2929.28(A)(1), a bank that cashes a forged check and then recredits its depositor's account is a victim to which the forger can be required to pay restitution. Consequently, we hold that the trial court did not err in ordering Goff to pay restitution to First Financial Bank. We overrule the assignment of error and affirm the trial court's judgment.

---

[1] R.C. 2929.18(A)(1) allows a trial court to sentence a felony offender to a financial sanction of "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.