[Cite as *Cleveland v. Fuller*, 2023-Ohio-1669.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,           :

                                             No. 111790

    v.                            :

JEROME FULLER,                        :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 18, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021-TRC-023154

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Matt Bezbatchenko, Assistant City Prosecutor, *for appellee*.

Christina M. Joliat, *for appellant*.

---

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Jerome Fuller ("Fuller"), appeals from the trial court's order of restitution following a guilty plea. He raises the following assignment of error for review:

> The court erred in awarding restitution in the amount of $7,300 for appellant's conviction under Cleveland Codified Ordinance 433.01.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} On December 6, 2021, a complaint was filed against Fuller in Cleveland M.C. No. 21-TRC-023154, charging him with operating a vehicle while under the influence of alcohol or drugs ("OVI") in violation of Cleveland Codified Ordinances ("C.C.O.") 433.01; driving under suspension in violation of C.C.O. 435.07(a); failure to stop after accident in violation of C.C.O. 435.17; failure to control in violation of C.C.O. 431.34(a); and display of plates not legally registered in violation of C.C.O. 435.09(f). The complaint stemmed from allegations that Fuller crashed his vehicle while driving with a suspended license and under the influence of alcohol. The incident resulted in structural damage to the home owned by the victim, Darren Clayton ("Clayton").

{¶ 4} On April 19, 2022, Fuller accepted the terms of a negotiated plea agreement and pleaded guilty to operating his vehicle while under the influence of alcohol or drugs in violation of C.C.O. 433.01. As a condition of the plea agreement, Fuller was required to pay restitution in an amount to be determined at the time of sentencing. Following a Crim.R. 11 colloquy the trial court accepted Fuller's plea and found him guilty of violating C.C.O. 433.01, a misdemeanor of the first degree.

{¶ 5} Prior to sentencing, the trial court received documentation from Clayton reflecting that it would cost $7,300 to repair the damage caused to his property.

{¶ 6} A sentencing hearing was held on June 14, 2022. Regarding restitution, defense counsel argued the court was required to comply with the express language of C.C.O. 433.01(h)(7), that limits restitution for any economic loss that is the proximate cause of an OVI offense to "an amount not exceeding five thousand dollars ($5,000.00)." In contrast, the city argued that Clayton was entitled to $7,300 pursuant to Marsy's Law, which requires "full and timely restitution," and supersedes statutory caps on damages.

{¶ 7} Following briefing of the issue by the parties, the trial court ordered Fuller to pay Clayton restitution in the amount of $7,300. The trial court further imposed a $500 fine, a 180-day jail term with all but three days suspended, and a one-year period of active probation. Fuller was also ordered to complete a driver's intervention program.

{¶ 8} Fuller now appeals from the trial court's restitution order.

## II. Law and Analysis

{¶ 9} In the sole assignment of error, Fuller argues the trial court erred in awarding restitution in the amount of $7,300. Fuller contends that the award exceeds the amount of restitution authorized by the ordinance he violated.

## A. Applicable Sentencing Statutes

{¶ 10} We review misdemeanor restitution orders for an abuse of discretion. *Strongsville v. Kane*, 8th Dist. Cuyahoga No. 97765, 2012-Ohio-3372, ¶ 8. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *State v. Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, 202

N.E.3d 616, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when "a court exercise[es] it's judgment, in an unwarranted way[.]" *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. However, "a court does not have discretion to misapply the law." *Id.* at ¶ 38 (courts apply a de novo standard when reviewing an issue of law).

{¶ 11} R.C. 2929.28(A)(1) provides a statutory mechanism for ordering restitution in misdemeanor cases. Both R.C. 2929.28(A)(1) and the reciprocal statute governing felonies, 2929.18(A)(1), limit the amount of restitution to "the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." "The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution." R.C. 2929.28(A)(1).

{¶ 12} "Economic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense," specifically including "property loss."

{¶ 13} The victim has the burden of proving the amount of restitution by the preponderance of the evidence. R.C. 2929.28(A)(1). Moreover, the amount of the restitution imposed "'must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" *State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914, ¶ 55 (8th Dist.),

quoting *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999). The evidence in the record must be enough to substantiate the relationship of the offender's criminal conduct to the amount of the victim's loss. *State v. Norton*, 8th Dist. Cuyahoga No. 102017, 2015-Ohio-2516, ¶ 44.

## B. Marsy's Law

{¶ 14} In November 2017, the voters of this state passed an amendment to the victim's rights provision of the Ohio Constitution. Effective February 5, 2018, Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, expanded the rights afforded to crime victims. Relevant to this appeal, Marsy's Law provides victim's the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim[.]" Ohio Constitution, Article I, Section 10a(A)(7).

{¶ 15} Marsy's Law defines "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." Ohio Constitution, Article I, Section 10a(D). In this case, it is undisputed that Clayton was directly and proximately harmed by Fuller's OVI offense. He is therefore constituted a "victim" who is entitled to full and timely restitution.

{¶ 16} Notably, Ohio's version of Marsy's Law states, "All provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws." *Id*. at Section 10a(E). The Ohio Supreme Court has recently clarified that "no portion of Marsy's Law 'conflicts' with the restitution statutes such that they are

'supersede[d],' Article I, Section 10a(E)." *State v. Yerkey*, Slip Opinion No. 2022-Ohio-4298, ¶ 12. "Consequently, the statutes governing 'restitution,'" including R.C. 2929.28(A)(1), "are still used to determine which losses qualify for restitution." *Id.* In reaching this conclusion, the court noted that "since the adoption of Marsy's Law, both this court and other courts in Ohio have continued to determine the amount of restitution based on the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* at ¶ 13, citing *Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, 166 N.E.3d 1167, ¶ 19; *Cleveland v. Rudolph*, 8th Dist. Cuyahoga No. 111128, 2022-Ohio-2363, ¶ 16-17; *State v. Dent*, 11th Dist. Lake No. 2020-L-110, 2021-Ohio-2551, ¶ 29-30; *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 23; *State v. Young*, 6th Dist. Lucas No. L-19-1189, 2020-Ohio-4943, ¶ 12-13; *State v. Yerkey*, 2020-Ohio-4822, 159 N.E.3d 1232, ¶ 26 (7th Dist.); *State v. Goff*, 2020-Ohio-1474, 153 N.E.3d 899, ¶ 3 (1st Dist.).

{¶ 17} With the foregoing principles in mind, we address Fuller's contention that the trial court misapplied Marsy's Law by imposing an order of restitution that was inconsistent with the express language of the ordinance governing his conviction.

## C. Scope of Restitution Available to the Victim

{¶ 18} As previously discussed, Fuller was convicted of operating a motor vehicle while under the influence in violation of C.C.O. 433.01. The ordinance sets forth the applicable penalties for a violation of C.C.O. 433.01 and contains an explicit

provision concerning the availability of restitution. The ordinance states, in relevant part:

> In all cases in which an offender is sentenced under * * * this section, the offender shall provide the court with proof of financial responsibility as defined in RC 4509.01. If the offender fails to provide that proof of financial responsibility, the court, in addition to any other penalties provided by law, may order restitution pursuant to RC 2929.18 or 2929.28 in an amount not exceeding five thousand dollars ($5,000.00) for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced * * * this section.

C.C.O. 433.01(h)(3)(B)(7). Thus, pursuant to the express terms of the ordinance, restitution is generally only available where the defendant fails to provide proof of financial responsibility. The ordinance further provides that if an award of restitution is appropriate, the court may only order restitution in an amount not exceeding $5,000.

{¶ 19} On appeal, Fuller does not dispute that Marsy's Law permits a victim to assert his or her constitutional right to full and timely restitution. Nevertheless, Fuller asserts that "Marsy's Law was not intended to change laws" and, therefore, does not alter or otherwise supersede the limiting language of C.C.O. 433.01(h)(3)(B)(7). Thus, Fuller submits that, at the very most, he was only required "to pay the restitution in full and timely up to the $5,000 figure."

{¶ 20} After careful consideration, we find no merit to Fuller's position. The limitations placed on the applicability and breadth of restitution under C.C.O. 433.01(h)(3)(B)(7) unambiguously conflict with Marsy's Law, which contains no

restrictive language and permits a victim to recover the *full* amount of economic loss so long as the award is established by the preponderance of the evidence under R.C. 2929.28(A)(1) or 2929.18(A)(1). If C.C.O. 433.01(h)(3)(B)(7) were to apply as written, Clayton would not be made whole for the economic loss caused by Fuller's criminal conduct. It is well settled that "where constitutional provisions and the legislative enactment are 'so clearly in conflict that they cannot both stand the statutory provision must fail.'" *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 71, quoting *State ex rel. Price v. Huwe*, 105 Ohio St. 304, 306, 137 N.E. 167 (1922). Accordingly, we find Marsy's Law supersedes C.C.O. 433.01(h)(3)(B)(7) to the extent the ordinance caps the availability of restitution to a victim.

{¶ 21} We further find the trial court's award of restitution was supported by competent and credible evidence. It is well settled that the evidence that supports a court's restitution order "can take the form of either documentary evidence or testimony." *State v. Moore*, 5th Dist. Guernsey No. 22 CA 000007, 2022-Ohio-4261, ¶ 12, citing *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740. In this case, there is no dispute that the substantial damage to Clayton's property was proximately caused by Fuller's violation of C.C.O. 433.01. As summarized by the prosecution, Mr. Clayton's "front porch was completely destroyed by Mr. Fuller driving drunk." (Tr. 10.) The court also heard from Clayton, who described his economic loss as follows:

[T]hat night I woke up and the front of [Fuller's] car and motor was under my porch with the pillar holding the second floor on top of his motor. * * * I had to get some property contractor to open up the second floor porch in the middle of the winter so I [could] get a masonry to come out and * * * support the second floor[.] It literally exploded the whole brick steps, pillars, and everything.

(Tr. 15.) Finally, the prosecution submitted ample documentation in support of its request for restitution, including photographs of the property damage, paid invoices, and a contractor's written proposal to complete the necessary repairs for $7,300.

{¶ 22} Counsel for defendant did not contest the legitimacy of the submitted documents or the costs required to repair Clayton's property. Instead, defense counsel relied on his interpretation of C.C.O. 433.01(h)(3)(B)(7) and his position that restitution could not exceed $5,000. As previously discussed, counsel's argument is not consistent with the rights afforded under Marsy's Law. With that stated, we recognize that counsel further urged the court to consider Fuller's inability to pay, stating:

Well judge, again we're not disputing the amount listed in the receipts. What we would ask the court to take into consideration is Mr. Fuller's ability to pay. And again, restitution is at the court's discretion. It's not required in any of these — for these charges specifically.

Mr. Fuller does not have an income right now. He does not have a job. He's receiving food stamps. He's been unemployed for the last two months. He last worked at the Intercontinental Hotel through a temp agency as a dishwasher. So he has no source of income. He's not gonna be able to pay this amount of $7,300 any time soon nor within a reasonable period of time.

Um, I would also add that this does not forestall the victim from pursuing civil charges to recover damages to his house and to his patio. Um, this amount of $7,300 is higher traditionally than what this court

normally gives in restitution. I have not seen any judge order any amount close to $7,300, um, as far as restitution.

(Tr. 7-8.) Fuller reiterates this argument on appeal, stating that even if Marsy's Law permitted the court to impose restitution in an amount exceeding $5,000, the court abused its discretion by failing to consider his ability to pay pursuant to R.C. 2929.28(B).[1]

{¶ 23} Consistent with the precedent of this court, we find no merit to Fuller's reliance on R.C. 2929.28(B). This court has previously addressed, and rejected, an analogous argument in *Rudolph*, 8th Dist. Cuyahoga No. 111128, 2022-Ohio-2363, stating, in relevant part:

> Whether a defendant is unable to pay the amount of restitution is irrelevant under Marsy's Law. In [*Oliver*, 2021-Ohio-2543, 176 N.E.3d 1054, (12th Dist.)], the Twelfth District considered the conflict between

---

[1] R.C. 2929.28(B) provides:

(B) If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs.

If the court determines that the offender is indigent and unable to pay the financial sanction or court costs, the court shall consider imposing and may impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of imposing a financial sanction or court costs. If the court does not determine that the offender is indigent, the court may impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of or in addition to imposing a financial sanction under this section and in addition to imposing court costs. The court may order community service for a minor misdemeanor pursuant to division (D) of section 2929.27 of the Revised Code in lieu of or in addition to imposing a financial sanction under this section and in addition to imposing court costs. If a person fails to pay a financial sanction or court costs, the court may order community service in lieu of the financial sanction or court costs.

an offender's rights as set forth in R.C. 2929.19(B)(5),[2] which requires a trial court to consider an offender's ability to pay before ordering restitution, and the trial court's legal duty to provide victims with full and timely restitution in accordance with Marsy's Law. In finding that the provisions of Marsy's Law supersede the defendant's rights under R.C. 2929.19(B)(5), the *Oliver* court explained:

Marsy's Law provides that in instances where the provisions of Marsy's Law conflict with previously enacted statutes, the constitutional provision "shall supersede" the conflicting state law. Article I, Section 10a(E), Ohio Constitution. This is consistent with the well-settled law in Ohio that where constitutional provisions and the legislative enactment are "so clearly in conflict that they cannot both stand the statutory provision must fall." * * * Such a conflict exists here, and in accordance with Ohio law, we conclude Marsy's Law supersedes R.C. 2929.19(B)(5) to the extent the statute allows the trial court to reduce or otherwise modify the restitution amount owed to a victim.

*Oliver* at ¶ 71, quoting *State ex rel. Price v. Huwe*, 105 Ohio St. 304, 306, 137 N.E. 167 (1922).

* * * Pursuant to *Oliver* and Article I, Section 10a(E) of the Ohio Constitution, Rudolph's inability to pay restitution is not a valid basis on which the court could decline an order of restitution.

*Id.* at ¶ 18-19.

{¶ 24} The foregoing discussion in *Rudolph* remains the prevailing authority of this district. As previously stated, the Ohio Supreme Court clarified in *Yerkey* that the amount of restitution available to a victim is limited to the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *Id.*, Slip Opinion No. 2022-Ohio-4298, at ¶ 13, 19. The *Yerkey* Court focused extensively on the basic concepts of direct and proximate cause, and concluded that "the statutes governing 'restitution' are still used to determine which

---

[2] R.C. 2929.28(B) contains similar language.

losses qualify for restitution." *Id.* at ¶ 12. However, the court did not expressly address or otherwise overrule this court's observation of the inherent conflict between Marsy's Law and the statutory provisions that require a trial court to consider an offender's ability to pay before ordering restitution. In fact, both *Rudolph* and *Oliver* were cited in support of the majority decision of *Yerkey* without reservation. *Id.* at ¶ 13. Thus, we reiterate that "[w]hether a defendant is unable to pay the amount of restitution is irrelevant under Marsy's Law." *Rudolph*, 8th Dist. Cuyahoga No. 111128, 2022-Ohio-2363, at ¶ 18.

{¶ 25} Based on the foregoing, we find the trial court's order of restitution is supported by the preponderance of the evidence and bears a reasonable relationship to the actual loss suffered by Clayton. Pursuant to the express mandates of Marsy's Law, the trial court was entitled to award restitution in an amount exceeding $5,000. Accordingly, the trial court did not abuse its discretion by order Fuller to pay restitution to Clayton in the amount of $7,300. The sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR