[Cite as *Cleveland v. Buckley*, 2025-Ohio-1452.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                 :

    Plaintiff-Appellee,           :

                        No. 114143

    v.                            :

MITCHELL BUCKLEY,                  :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2023-TRD-016630

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecuting Attorney, and Elizabeth A. Graham, Assistant Prosecuting Attorney, *for appellee.*

Jones Day, H. Cole Hassay, and Kendall Beard, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Mitchell Buckley, appeals the municipal court's decision, ordering him to pay $4,686.97 in restitution to the victim for damages to

her vehicle following an automobile accident. For the reasons that follow, this court affirms the court's decision.

## I.  Procedural History and Factual Background

{¶ 2} Just before midnight on October 21, 2023, Buckley caused a traffic accident when he failed to stop, crashing into the back of the victim's vehicle. The record is unclear whether Buckley drove off, causing the victim to follow him to his parents' house or whether Buckley asked the victim to follow him because his father owns an automobile repair shop. Nevertheless, the City of Cleveland ("City") charged Buckley with failure to stop after an accident upon a street, in violation of Cleveland Codified Ordinances ("C.C.O.") 435.15, a first-degree misdemeanor. Buckley admitted that he did not have automobile insurance at the time of the offense. (Nov. 28, 2023, pretrial; tr. 2.)

{¶ 3} During a pretrial on February 13, 2024, Buckley, with the assistance of counsel, entered into a plea agreement. The City amended the charge to maximum speed, in violation C.C.O. 433.03, a misdemeanor of the fourth degree.[1] The City also informed the court that the victim was seeking restitution for the damage to her vehicle and for a hospital bill. Following a Crim.R. 11 plea colloquy,

---

[1] C.C.O. 433.03 provides, in relevant part, that "no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him or her to bring it to a stop within the assured clear distance ahead." The offense is enhanced to a fourth-degree misdemeanor "[i]f, within one (1) year of the offense, the offender previously has been convicted of or pleaded guilty to two (2) violations of any provision of this section, R.C. 4511.21 [speed limits], or any provision of any other municipal ordinance that is substantially equivalent to any provision of that section."

Buckley pleaded guilty,[2] and the court continued the case for sentencing and a restitution hearing, which Buckley requested.

{¶ 4} On May 14, 2024, the court conducted a restitution hearing. At the hearing, the court received photographs of the victim's car and the accident report. The victim appeared for the hearing, and she provided estimates from two different repair shops, reflecting the costs to repair her damaged vehicle. The first estimate quoted $4,686.97 for repairs, and the second estimate quoted $5,656.66. She also presented her medical bill for $734 for emergency room services rendered on the day of the accident.

{¶ 5} Buckley acknowledged that restitution was owed, but disputed the amounts, contending that the estimates included repairs for damage not caused by the accident or that were unnecessary. In support, Buckley's father, Michael Buckley ("Mr. Buckley"), who owns an automobile repair shop, offered testimony about the quoted repairs. He also purportedly provided the victim following the accident with his own estimate of $779.90 and offered to repair the vehicle at a lower cost. The court asked Mr. Buckley to compare the damage in the photographs with one of the victim's estimates and explain what he believed were unnecessary repairs or repairs not related to any damage that Buckley caused to the vehicle. In response, Mr. Buckley stated that there was no damage to the exhaust, the roof or glass, the quarter panels and glass, the left luggage lid, and the rear left lamp.

---

[2] Pursuant to Crim.R. 11(B), "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 6} The parties disputed whether the victim actually had her vehicle assessed by Mr. Buckley. Although both Buckley and his father stated that she brought her vehicle to Mr. Buckley's repair shop, the victim stated that she did not take it there for an estimate. She admitted, however, that after the accident she followed Buckley to his parents' home, where the police met them. The police report corroborated the victim's statement. Additionally, the repair estimate that Mr. Buckley prepared corroborated the victim's statement that she did not get her vehicle assessed by him or at his shop because the estimate is devoid of any of the victim's personal information and further contains a note on the signature line indicating that the victim did not show at Mr. Buckley's shop. *See* exhibit Nos. 1 and 2 attached to Appellant's Motion to Supplement the appellate record with trial exhibits, filed Oct. 21, 2024.

{¶ 7} The City objected to all of Mr. Buckley's testimony and his estimate, contending that his statements were "self-serving" to his son and represented a conflict of interest. The court allowed the testimony, finding that it was the court's job to determine credibility and whether statements were "self-serving" or biased. (May 14, 2024, hearing; tr. 9.)

{¶ 8} Regarding the victim's medical bill, Buckley "adamant[ly]" opposed paying the victim's medical bill because the accident report indicated that no injuries were reported nor was the victim transported to the hospital. The court noted, however, that often individuals will seek medical attention after the accident, and because the emergency room date of service on the bill corresponded to the date of

the accident, it offered credence that victim incurred the medical bill because of the accident. The court ultimately took the matter under advisement and continued the case for sentencing.

{¶ 9} On June 6, 2024, the court announced its decision in open court, referencing its written judgment entry. The court noted the evidence offered by both parties, including one of the victim's estimates and Mr. Buckley's estimate. The court acknowledged Mr. Buckley's contentions that certain repairs on the victim's estimate were not necessary but found that the victim's estimate noted that additional damage may exist upon further inspection. The court found it significant, stating in its judgment entry that the "damages to the victim's vehicle required a personal inspection to provide the most accurate price for its repair, [and that] Buckley's general [quote and] itemization [did] not demonstrate that the [victim's] car was personally inspected or assessed for repairs."

{¶ 10} The court concluded in the judgment entry that

[b]ased upon the above analysis of all the credible, competent evidence introduced at trial, the record of proceedings, the credibility of the witnesses, and the evidence presented for the court's consideration at the restitution hearing, the court finds that [Buckley] owes restitution to the victim for $4,686.97 for vehicle damages and $734 for the emergency room visit . . . all of which is the victim's loss she suffered as a direct result of the offender's operation of the vehicle

{¶ 11} The court then sentenced Buckley by imposing a $75 fine and ordering him to serve 30 days in jail. The court suspended the fine and the days in

jail but ordered him to pay court costs. Additionally, the court placed Buckley on one-year of active probation, with conditions that included paying restitution.[3]

{¶ 12} This appeal followed.

## II. The Appeal

{¶ 13} Buckley raises two assignments of error, each challenging the restitution amount awarded for the damage to the victim's vehicle. He has not challenged the court's order of restitution for the victim's medical expenses.

{¶ 14} We review misdemeanor restitution orders under an abuse-of-discretion standard. *Cleveland v. Figueroa*, 2022-Ohio-4012, ¶ 8 (8th Dist.). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *State v. Montgomery*, 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion occurs when "a court exercise[es] it's judgment, in an unwarranted way[.]" *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 15} Buckley contends in his first assignment of error that the municipal court erred in ordering restitution when the record did not contain evidence showing that he caused damage to the victim's vehicle. In his second assignment of error, Buckley contends that the trial court erred in ordering restitution when the

---

[3] During the sentencing hearing, Buckley resolved another unrelated traffic case in which he was charged with failure to control that also resulted in an accident. Buckley stated that he had insurance for this offense. The City amended the offense to a zero-point, minor misdemeanor offense, and Buckley pleaded guilty. The court, noting that he had a "higher obligation [on] the other case," suspended the fine and ordered him to pay costs and granted him time to pay those costs.

record did not contain competent and credible evidence establishing the pre-accident value of the victim's vehicle. Because these assignments of error are interrelated, we will address them together.

{¶ 16} R.C. 2929.28(A)(1) provides a statutory mechanism for ordering restitution in misdemeanor cases, allowing a court to impose financial sanctions on a criminal offender that includes "'restitution by the offender to the victim of the offender's crime . . . in an amount based on the victim's economic loss.'" *Centerville v. Knab*, 2020-Ohio-5219, ¶ 19, quoting R.C. 2929.28(A)(1). "Economic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense," including "property loss."

{¶ 17} In determining the appropriate amount of restitution, "[t]he victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution." R.C. 2929.28(A)(1). The ordered amount, however, "shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.28(A)(1). Moreover, the amount of the restitution imposed "'must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" *State v. Johnson*, 2018-Ohio-3670, ¶ 55 (8th Dist.), quoting *State v. Gears*, 135 Ohio App.3d 297, 300

(6th Dist. 1999). The victim has the burden of proving the amount of restitution by the preponderance of the evidence. R.C. 2929.28(A)(1).

{¶ 18} At the outset, Buckley never disputed in the municipal court that he caused damage to the victim's vehicle. In fact, he admitted that he is "responsible for damage to the vehicle, as that is his responsibility." (May 14, 2024, hearing; tr. 9.) Moreover, Mr. Buckley admitted that "damage automobile (inaudible) definitely was damaged. The back of the trunk was damaged." (*Id.* at tr. 17.) Accordingly, insofar that he is now attempting to argue in his first assignment of error that he did not cause any damage to the victim's vehicle when he rear-ended it, we find this argument without merit.

{¶ 19} Regarding his second assignment of error concerning the pre-accident value of the victim's vehicle, the court inquired about the vehicle's value versus the cost of repairs. To this extent, the City advised the court that "the current Kelly Blue Book trade-in value ranges from $14,146 to $15,639, average of $14,893." (*Id.* at tr. 11.) Buckley did not object nor did he present any evidence refuting this value. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal and that failure to raise an issue before the trial court waives that issue for appellate purposes. *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, ¶ 28 (8th Dist.); *Kalish v. Trans World Airlines, Inc.*, 50 Ohio St.2d 73, 79 (1977) (Appellate courts "will not consider a question not presented, considered, or decided by a lower court."). Accordingly, Buckley has waived this issue for appeal, and he has not asked this court to review for plain error.

{¶ 20} Our review of the record reveals that during the restitution hearing, Buckley only contested the restitution amount because the victim's estimates purportedly contained costs for repairs that he believed were beyond the damage he caused. Although Mr. Buckley offered his opinion regarding the victim's estimates compared to his observations of the damages, the court was also presented with two independent estimates that were relatively similar in their assessment of the damages and the cost of repair. Admittedly, Mr. Buckley's estimate was substantially lower than the two independent estimates the victim obtained, but the court noted that ascertaining the extent of the damage and the cost of repair required a personal inspection, which, according to the court, Mr. Buckley's estimate did not include.

{¶ 21} Our review of estimates provided by the victim and the one offered by Buckley reveals that the independent estimates also include amounts that are customarily charged for automobile repairs, including the full costs of labor, parts, paint, and tax — charges that Mr. Buckley's quote did not include. Moreover, and as noted by the court, some of the repairs that Mr. Buckley testified to as unnecessary or beyond the damage caused by the accident were not quoted or assessed a charge in the independent estimates.

## III. Conclusion

{¶ 22} Based on the foregoing, we find that the victim presented competent, credible evidence in the form of testimony, photographs, the accident report, a medical invoice, and two independent estimates, which allowed the municipal court

to discern the amount of the restitution to a reasonable degree of certainty. *See Cleveland v. Fuller*, 2023-Ohio-1669, ¶ 21 (8th Dist.), quoting *State v. Moore*, 2022-Ohio-4261, ¶ 12 (5th Dist.) ("It is well settled that the evidence that supports a court's restitution order 'can take the form of either documentary evidence or testimony.'") Moreover, Buckley has failed to demonstrate that the municipal court's award of restitution exceeded the economic loss suffered that was a direct and proximate result of him crashing into the back-end of the victim's vehicle. Accordingly, the municipal court did not abuse its discretion in its restitution order. Buckley's assignments of error are overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
DEENA R. CALABRESE, J., CONCUR