[Cite as *State v. Newton*, 2026-Ohio-120.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                             No. 114965

    v.                                     :

ANTHONY NEWTON, JR.,                :

    Defendant-Appellee.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-681383-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto and Daniel Van, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} The State appeals the denial of restitution after Anthony Newton, Jr., pleaded guilty to a fifth-degree felony violation of R.C. 2913.03(B),

unauthorized use of a vehicle. For the following reasons, we reverse the trial court's order denying restitution and remand for further proceedings.

{¶ 2} The victim and Newton had an agreement that Newton would borrow the victim's 2019 Chevrolet Malibu for a short period of time. Days turned into months, and that limited consent was revoked. *See, e.g., State v. Davis*, 2023-Ohio-3064, ¶ 2 (8th Dist.) (The trial court erred by not conducting a restitution hearing on conviction for unauthorized use of vehicle committed by retaining vehicle after rental period expired.); *State v. Gibert*, 2017-Ohio-7676, ¶ 14 (1st Dist.), citing *State v. Bryant*, 2012-Ohio-3909, ¶ 15-16 (1st Dist.) (noting that "a conviction for unauthorized use of a motor vehicle is supported by sufficient evidence if, after the original use of a rental car was authorized by contract, a rental company withdraws consent"). Newton ceased contact with the victim and took the car to the State of New York. After months of accruing several thousand dollars in parking and toll violations, Newton abandoned the vehicle, which was impounded after the victim reported it stolen. For his criminal conduct, Newton agreed to plead guilty to unauthorized use of a motor vehicle in violation of R.C. 2913.03(B), which provides that "[n]o person shall knowingly use or operate [a] . . . motor vehicle . . . without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours." There was no jointly recommended sentence and, importantly, no specified amount of restitution offered in exchange for the guilty plea. Tr. 18:13-16; *see State v. Brasher*, 2022-Ohio-4703, ¶ 15, citing *State v. Danison*, 2005-Ohio-781, syllabus ("'An order

of restitution imposed by the sentencing court on an offender for a felony is part of the sentence.'").

{¶ 3} At the time of the guilty plea, the State had been unable to contact the victim for several months. Tr. 19:16-25. When setting the date for the sentencing hearing, the State asked for additional time to comply with Marsy's Law. The amount of restitution was unknown at the time of the plea, but the prosecutor "believe[d]" it to be approximately "$3,000 in rental fees that is being sought." Tr. 20:10-13. The State was unaware of the parking and toll violations at that time.

{¶ 4} At the sentencing hearing, Newton, through counsel, tacitly confirmed there was no prior agreement on restitution, telling the trial court that Newton had a witness to rebut the State's restitution evidence and "I'll wait for restitution until the State presents what they want to ask for." Tr. 26:9-12. At no point did either party reference any form of agreement on the question of restitution. Importantly, at no point during the sentencing hearing did Newton ever claim his plea was contingent on an agreement to restitution that was being violated and that withdrawal of the plea would be necessary.

{¶ 5} The State called the victim to testify about the restitution request. After presenting the court with copies of the outstanding balances on the New York parking and toll violations committed by Newton while in possession of the victim's vehicle, copies of the invoices for the replacement vehicle the victim rented while deprived of her own car, and copies of the monies spent to have the car returned from New York, the State began questioning the victim. The trial court interceded

after the State asked two questions and began directing the questioning of the victim. Tr. 33:9-36:12. In total, the victim was seeking $10,241.23 in restitution based on the documentation presented and her testimony under the trial court's questioning.

{¶ 6} Newton's wife testified on his behalf, claiming to have reimbursed the victim $120 during the time Newton had possession of the vehicle. Newton's wife could not verify whether Newton reimbursed the victim for the toll or parking violations or the rental costs. The remainder of her testimony was limited to a claim that the victim had allowed Newton to take the car out of state for several months and the only reason the victim reported it as stolen was because her family pressured her to do so. Newton made a statement at sentencing echoing his wife's claims. In other words, Newton attempted to claim he had an affirmative defense against the charges despite his unequivocable agreement to plead guilty to the criminal conduct.[1]

{¶ 7} The trial court denied the victim's request for restitution in its entirety without explanation. The State timely appealed the sentence.

---

[1] R.C. 2913.03(C) provides:

(C) The following are affirmative defenses to a charge under this section:

(1) At the time of the alleged offense, the actor, though mistaken, reasonably believed that the actor was authorized to use or operate the property.

(2) At the time of the alleged offense, the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property.

{¶ 8} Marsy's Law provides victims the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim[.]" Ohio Const., art. I, § 10a(A)(7). R.C. 2929.28(A)(1) applies in determining which losses qualify for restitution. *Cleveland v. Fuller*, 2023-Ohio-1669, ¶ 16 (8th Dist.), citing *State v. Yerkey*, 2022-Ohio-4298, ¶ 12. Under that statutory section, "the amount of restitution [is] based on the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* at ¶ 16. "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense . . . ." R.C. 2929.01(L). The victim or the State is permitted to introduce documentary evidence or testimony that supports a restitution order. *Fuller* at ¶ 16, citing *State v. Moore*, 2022-Ohio-4261, ¶ 12 (5th Dist.), citing *State v. Jones*, 2014-Ohio-374 (10th Dist.).

{¶ 9} In this case, the evidence presented by the victim and the State was largely undisputed. Newton did not contest the accrued fines on the violations, tolls, or the rental fees themselves. Instead, Newton's wife testified that of the $10,241 requested, she reimbursed the victim $120 on Newton's behalf but could not say whether any other amount was paid. She then attempted to present evidence of affirmative defenses and actual innocence to the charges that Newton already waived by pleading guilty to having committed the offense of unauthorized use of a motor vehicle.

{¶ 10} Those belated protestations of innocence had no bearing on the question of restitution or sentencing as a whole. *See State v. Griggs*, 2004-Ohio-

4415, syllabus ("A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt."). According to this record, the denial of restitution could only have been based on Newton's claims of innocence first asserted at sentencing; no other complete defense was presented. *See Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4 ("'[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties.'"), quoting *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15. Defendants, having unequivocally pled guilty, cannot contest restitution or a sentence in general by claiming innocence or attempting to undermine their guilty plea after realizing the severity of the sentence actually being contemplated. *See State v. Hughey*, 2025-Ohio-3152, ¶ 28 (8th Dist.), citing *State v. Heisa*, 2015-Ohio-2269, ¶ 23 (8th Dist.) (A defendant's claim of actual innocence at sentencing is not sufficient to overcome the guilty plea at sentencing.).

{¶ 11} Courts in general will not permit a defendant to withdraw a guilty plea based on belated protestations of innocence at or before sentencing, but after pleading guilty. *State v. Wilder*, 2025-Ohio-3075, ¶ 26 (8th Dist.) ("A defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered."), citing *Heisa* at ¶ 23. If a plea cannot be withdrawn in that situation, it follows that a defendant cannot rely on those same arguments to mitigate the sentence to be imposed on an unequivocal guilty plea. The denial of restitution based on claims of the defendant's innocence

first raised after pleading guilty constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39 (a trial court lacks discretion to commit errors of law).

{¶ 12} Further, and contrary to Newton's appellate argument, the plea agreement did not include any agreed sentencing component, much less any agreement on restitution. The victim was permitted to request the full amount of economic loss suffered by Newton's admitted misconduct. If restitution was an important consideration for the plea agreement, Newton was required to include that term as a condition before pleading guilty.

{¶ 13} Nevertheless, the trial court's generic denial of restitution provided no other analysis supporting its decision for this panel to review. Restitution should be determined for the first time by the trial court, not an appellate panel applying the abuse-of-discretion standard. Under that standard, Ohio courts have consistently held that the record must contain some analysis or support for the trial court's decision. *State v. N.S.*, 2025-Ohio-5166, ¶ 23 (1st Dist.). Without any explanation in the transcript of the proceedings or a later entry, appellate courts are left to mere speculation as to the trial court's rationale. *Id.* at ¶ 22, citing *State v. Lanxiang Yu*, 2024-Ohio-3083, ¶ 21-22 (1st Dist.) ("Where the trial court offers no reasons for its denial, [appellate courts] cannot blindly defer to its unexplained exercise of discretion."); *see also State v. S.D.F.*, 2025-Ohio-1832, ¶ 17 (8th Dist.); *Howland v. Purdue Pharma L.P.*, 2004-Ohio-6552, ¶ 21 (trial court erred by failing to provide reasons in support of summary conclusion certifying the class action

lawsuit). "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable." *State v. Chase*, 2015-Ohio-545, ¶ 17 (2d Dist.), citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Unless the appellate court can discern the reason for the trial court's decision from the record or from the arguments presented for review, it is arguably impossible for an appellate panel to determine if the exercise of discretion is reasonable. *Id.*

{¶ 14} The State presented largely undisputed evidence of an economic loss suffered by the victim for Newton's criminal act, to which he unequivocally pleaded guilty to committing. Newton's evidence only contested $120 of the $10,241 sought, demonstrating that the victim was entitled to at least some restitution. The amount, however, must first be determined by the trial court. Accordingly, the trial court's decision denying restitution is reversed and this matter remanded for a new restitution hearing to be conducted, at which the parties shall be permitted to present their evidence and arguments solely pertaining to the economic loss suffered by the victim, and any rationale for granting or denying restitution be memorialized for further review. Newton's guilty plea and term of community-control sanctions are unaffected by this decision and remain final in consideration of his failure to cross-appeal his guilty plea or sentence. The only issue left for consideration is the amount of restitution owed to the victim.

{¶ 15} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN T. GALLAGHER, J., CONCUR